ALBERT HAND, Plaintiff, *v.* CHARLES A. FRAZER, Defendant.

Supreme Court, Onondaga County, March 7, 1931.

*Melvin & Melvin* [*Jerome K. Cheney*], for the plaintiff.

*Mackenzie, Smith, Michell & Bruce* [*Charles E. Spencer*], for the defendant.

LEWIS, J. The defendant, a resident of Toronto, Canada, sent his motor truck into New York in charge of an employee. While the truck was *standing* at the side of a New York highway it became involved in a collision with an automobile then owned and driven by the plaintiff. An action has been commenced by the plaintiff by the service of a summons and complaint under section 52 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap.

57). The defendant seeks to vacate such service upon the grounds: (1) That as the accident involved in the case occurred while defendant's truck was standing or parked by a highway, the truck was not then " being operated " within the meaning of section 52 of the Vehicle and Traffic Law and accordingly service of the summons and complaint under that statute was not effective; (2) that the statute does not contemplate service upon an absentee owner who is a citizen and resident of a foreign country; (3) that if such service was contemplated by the Legislature the act is unconstitutional.

The statute in question provides in part as follows:

" § 52. Service of summons on nonresidents. The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this state * * * shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway * * *; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state."

In support of the motion defendant argues that the term " operation " as used in the statute quoted above applies only where the non-resident owner's automobile is *in motion*. I cannot bring myself to that conclusion.

Considering as we must the purposes of the Legislature in enacting this statute it is clear that the end in view was to provide a method whereby those who negligently use the highways of this State can be brought into its courts to answer for the alleged results of such use. To leave an automobile standing across a lane of highway traffic or to park it in a manner which disregards the safety of other users of the highway may be as great a menace to human life as reckless speed. A construction of this statute which limits its effectiveness to a motor vehicle *in motion* would disregard a cardinal rule under which the Legislature must be presumed to have intended a reasonable and practical result from the enactment. (*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Johanns* v. *Ficke*, Id. 513.)

No automobile can be put to reasonable use upon our highways in perpetual motion and the Legislature did not so contemplate. It is more reasonable to assume that the use of an automobile requires that it be brought to rest at intervals and in so doing the statutory regulations forbidding carelessness must apply.

This question was considered by the Supreme Judicial Court of Massachusetts in *Commonwealth* v. *Henry* (229 Mass. 19). The opinion in that case contains the following apt statement: " The word ' operated ' is not, as the defendant contends, limited to a state of motion produced by the mechanism of the car, but includes at least ordinary stops upon the highway, and such stops are to be regarded as fairly incidental to its operation."

From another jurisdiction we have the following statement: " The word ' operation ' * * * must include such stops as motor-vehicles ordinarily make in the course of their operation. * * * In this case the plaintiff's car was as much in the ordinary course of operation on the highway at the time of the injury as if it had been used for shopping, calling or delivering merchandise." (*Stroud* v. *Water Commissioners of Hartford*, 90 Conn. 412.)

As a further aid to construction it is interesting to note an earlier ruling which pertains to the use of highways before traffic became complicated by the use of automobiles. " In order to be a traveller, it is not necessary that one should be constantly moving, if he is a pedestrian, or that the vehicle he drives, or that in which he is conveying goods, if he is using one, shall be continuously in motion. It would certainly be impossible to use the highways conveniently for the ordinary purposes of business or social life with teams or lighter carriages, if occasional stops were not permitted to enable those using them to load and unload teams, to receive and deliver goods, to enter shops and stores, and to make brief calls of business or even of a social character." (*Smethurst* v. *Barton Square Independent Congregational Church*, 148 Mass. 261.)

The defendant places particular reliance upon the decision of the Court of Appeals in *O'Tier* v. *Sell* (252 N. Y. 400). In my opinion that case is not controlling upon the question presented upon this motion. A careful reading of the opinion in that case will disclose that the inquiry there was — *who* is to be held responsible, *i. e.*, the absentee owner or his agent involved in the accident? To the contrary, upon this motion, the inquiry is — *for what* is the agent to be held responsible?

In my judgment the answer to the latter inquiry is that the Legislature framed the statute in question in contemplation of actions arising from alleged lack of care in the control and management of an automobile *upon the highways* whether such vehicle is standing or in motion. This conclusion finds support in numerous sections of the Vehicle and . Traffic Law where the statute distinguishes between operating and driving a motor vehicle. (Vehicle & Traffic Law, § 2, subds. 14, 15; § 11, subd. 1, as amd. by Laws of

1930, chap. 574; § 12, subd. 1, subd. 3, as amd. by Laws of 1930, chap. 269; § 14, as added by Laws of 1930, chap. 498, and § 15, as amd. by Laws of 1930, chaps. 539, 576.)

The manifest intent and spirit of the statute under consideration points to the conclusion that the term " operation " as used therein includes the use of a motor vehicle upon a highway whether in a stationary position or in motion.

The defendant further contends that if, as claimed by the plaintiff, section 52 of the Vehicle and Traffic Law does contemplate substituted service upon citizens and residents of a foreign country, the statute violates the Fourteenth Amendment of the Federal Constitution.

This argument would lead to the conclusion that the defendant when using the highways of the State of New York is exempt from the exactions of local police power regulations because of the fact he is a resident of Toronto, Canada. I believe such a conclusion to be contrary to the rulings of the highest court of our land. (*Hess* v. *Pawloski*, 274 U. S. 352; *Kane* v. *New Jersey*, 242 id. 160; *Hendrick* v. *Maryland*, 235 id. 610.)

Defendant's motion is denied, with ten dollars costs.

Ordered accordingly.