22 N.J. Super. 431 (1952)
92 A.2d 136
MARY CHIARELLO AND JAMES CHIARELLO, PLAINTIFFS,
v.
GUERIN SPECIAL MOTOR FREIGHT, A CORPORATION, AND LEONARD MAHONEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 28, 1952.
*433 Mr. Howard K. Shaw, attorney for the defendants, for the motion.
Mr. Nicholas M. Giordano, Jr., attorney for the plaintiffs, opposed.
WOODS, J.S.C.
This matter is before us on a motion to strike the summons and complaint on the following grounds:
1. That service of process was insufficient.
2. That this court lacks jurisdiction over the persons of the defendants.
From the pleadings it would appear that the facts in brief are these: the defendant Guerin Special Motor Freight, a corporation of the State of Pennsylvania, by its agent and employee Leonard Mahoney, on December 20, 1951 was delivering foodstuffs to the Great Atlantic and Pacific Tea Company in the City of Trenton and was parked at or near its parking lot adjoining the store in such a manner as to block the sidewalk adjacent to the parking lot. It is further alleged that although the defendant Leonard Mahoney was requested to remove the truck from the sidewalk, so that the plaintiff Mary Chiarello might safely pass by the said place upon the sidewalk, the defendants willfully, deliberately and obstinately refused to remove the truck from its parked position on the sidewalk and as a result thereof the plaintiff Mary Chiarello, while walking around the truck, fell to the ground and was injured. Both defendants are nonresidents and cannot be served with process in this State, and the plaintiffs sought to bring them within the jurisdiction of this court by means of substituted service provided by N.J.S.A. *434 39:7-2. It would appear that all of the prerequisites of the method of service as required by N.J.S.A. 39:7-3 were met and that the motion is based solely on the contention that N.J.S.A. 39:7-2, as amended, does not make and constitute the Director of Motor Vehicles the agent for the acceptance of process in a civil action arising out of an accident such as is described in the complaint filed in this cause, and therefore this court lacks jurisdiction of the persons of the defendants.
The Motor Vehicles and Traffic Regulation Act, Title 39, chapter 7, section 2, as amended, reads as follows:
"(a) Any person, not being a resident of this State, who shall drive a motor vehicle upon any public highway in this State, whether or not such person shall be licensed to do so in accordance with the laws of this State or of any other State or otherwise; and
"(b) Any person or persons, not being a resident or residents of this State or any corporation or association, not incorporated under the laws of this State and not duly authorized to transact business in this State, who by his, their or its agent or servant, shall cause to be driven upon any public highway of this State, any motor vehicle which is not registered in this State to be driven upon the public highways thereof, pursuant to the laws thereof, whether or not the driver thereof shall be licensed to drive a motor vehicle upon the public highways of this State; shall, by the operation of such motor vehicle, or by causing the same to be operated, within this State, make and constitute the Director of the Division of Motor Vehicles in the Department of Law and Public Safety, his or their or its agent for the acceptance of process in any civil action or proceeding, issuing out of any district court, County Court, or other court of civil jurisdiction, against any such person or persons, corporation or association arising out of or by reason of any accident or collision occurring within this State in which any such motor vehicle, so driven or caused to be driven within this State is involved. The operating or causing to be operated of any such motor vehicle within this State shall be the signification of the agreement of such nonresident person * * * corporation or association for whom such motor vehicle is operated, of his, their or its agreement that any such process against him or them or it which is so served shall be of the same legal force and validity as if served upon him or them personally or upon it in accordance with law within this State." (Emphasis ours)
The defendants argue that this nonresident service act has no application to the present case because the motor vehicle *435 mentioned in the complaint was not involved in an accident within the meaning of the statute and that the accident did not occur upon a public highway within the meaning of the statute.
We grant that the statute is in derogation of the common law and must be strictly construed. But in construing an act of the Legislature we must consider not only the language used, but also the evil to be remedied and the object to be attained. There can be no doubt that this statute was adopted for the purpose of requiring a nonresident owner or operator of a motor vehicle to answer for his conduct in the State where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Hess v. Pawloski, 274 U.S. 352, 356, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). In the case of Galloway v. Wyatt Metal & Boiler Works, 189 La. 837, 181 So. 187 (Sup. Ct. 1938), in interpreting a similar statute the court said:
"The purpose of the statute is to place nonresident operators of motor vehicles coming into this State on the same basis, with the same obligations, duties and responsibilities, as resident operators of such vehicles."
We feel that it is very clear that our Legislature intended by the enactment of this statute to provide a method whereby those who negligently used the highways of this State could be brought into its courts to answer for the alleged results of such use, and we must read the statute with reference to its manifest intent and spirit.
R.S. 39:1-1, amended L. 1951, c. 25, p. 122, defines certain words and phrases used in the Motor Vehicles and Traffic Regulation Act. We quote those definitions which must be considered in construing this section of the Act.
"`Highway' means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."
"`Sidewalk' means that portion of a highway intended for the use of pedestrians, between the curb line or the lateral line of a shoulder, *436 or if none, the lateral line of the roadway, and the adjacent right of way line."
From the definitions quoted, it is quite apparent that the Legislature intended a "highway" to include the "sidewalk." "Sidewalk means that portion of a highway intended for the use of pedestrians," and "highway" means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purpose of vehicular traffic." (Emphasis ours.) A highway as the word is used in this statute must be considered to be open in all its length and breadth to the reasonable, common and equal use of the people, in vehicles or on foot. We quote from the case of Starego v. Soboloski, 21 N.J. Super. 389, 392 (App. Div. 1952):
"The words `street' and `highway' are often used interchangeably and denote the same meaning. The sidewalk is part of the highway and therefore within any rule laid down for a `highway.'" (Emphasis ours.)
Therefore, we must conclude that the mere fact that the truck of the defendants was parked off that part of the highway which is generally used by vehicles and on the sidewalk, which is generally used by pedestrians, would not in itself render N.J.S.A. 39:7-2 inapplicable to the facts alleged.
The plaintiffs allege that it was the wrongful operation of the truck by the defendants in parking it upon the public sidewalk reserved for pedestrians and neglecting and refusing to move the truck from the parked position upon the sidewalk so as to prevent persons who were lawfully using the sidewalk from passing this location upon the sidewalk, which was the proximate cause of the injuries of which the plaintiffs complain and thereby these injuries arose "out of or by reason of an accident or collision occuring within this State in which any such motor vehicle * * * is involved" as the statute requires.
*437 Again we must refer to N.J.S.A. 39:1-1 and to the word "parking."
"`Parking' means the standing or waiting on a street, road or highway of a vehicle not actually engaged in receiving or discharging passengers or merchandise * * *."
It is quite obvious that the Legislature intended to make a distinction between vehicles parked, standing or waiting,  not being used  and those parked and actually engaged in receiving or discharging passengers or merchandise. The distinction is one of operation. In the case before us the truck was parked, discharging merchandise, unloading. We cite the case of Smethurst v. Barton Square Independent Congregational Church, 148 Mass. 261, 19 N.E. 387, 2 L.R.A. 695 (Sup. J. Ct. 1889), in which the court held:
"In order to be a traveler, it is not necessary that one should be constantly moving, if he is a pedestrian, or that the vehicle he drives, or that in which he is conveying goods, if he is using one, shall be continuously in motion. It would certainly be impossible to use the highways conveniently for the ordinary purposes of business or social life, with teams or lighter carriages, if occasional stops were not permitted to enable those using them to load and unload teams, to receive and deliver goods, to enter shops and stores, and to make brief calls of business or even of a social character."
And see, too, the case of Hand v. Frazer, 139 Misc. 446, 248 N.Y.S. 557 (Sup. Ct. 1931). Here a truck of a nonresident which was left standing by the side of the highway was involved in a collision. The court in its opinion said:
"To leave an automobile standing across a lane of highway traffic or to park it in a manner which disregards the safety of other users of the highway may be as great a menace to human life as reckless speed. A construction of this statute which limits its effectiveness to a motor vehicle in motion would disregard a cardinal rule under which the Legislature must be presumed to have intended a reasonable and practical result from the enactment. * * * No automobile can be put to reasonable use upon our highways in perpetual motion and the Legislature did not so contemplate. It is more reasonable to assume that the use of an automobile requires that it be brought *438 to rest at intervals and in so doing the statutory regulations forbidding carelessness must apply." (Emphasis ours)
It will not be necessary to relate or compare the several cases cited by the attorneys for both the defendants and the plaintiffs dealing with the interpretations of similar but not identical statutes and facts to those of the case before us. The intention of our Legislature is made clear by referring to the definitions which are a part of the act. Here the truck had not left the highway prior to the time the process of unloading was begun. It was not "parked" within the meaning of the definition set forth in the act. It was still being operated by the defendants at the time the alleged negligence occurred. To hold that our statute does not encompass such a situation within its scope, would create an unreasonable result and one contrary to the intention of the Legislature which by the enactment of the statute "has taken cognizance of the inherent danger of motor vehicles, the ease with which a nonresident may enter and leave the state by use of its public highways within a very short period of time, and the burden upon a resident * * * were he required to travel to the domicilary state of the nonresident to institute an action." Sipe v. Moyers, 353 Pa. 75, 44 A.2d 263 (Sup. Ct. 1945).
We conclude that the facts in the cause of action before us come within the purview of N.J.S.A. 39:7-2. The motion to strike the summons and complaint is denied.