[S. F. No. 19085.   In Bank.   Oct. 29, 1954.]

THORNTON McDONALD, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; CHRISTOPHER S. MIESEN et al., Real Parties in Interest.

Keith, Creede & Sedgwick and Scott Conley for Petitioner.

No appearance for Respondents.

Fitz-Gerald Ames, Sr., Julian Brewer and Harold A. Galloway for Real Parties in Interest.

TRAYNOR, J.—Petitioner, a resident of Oregon, is in the business of renting trucks and trailers to members of the public. Many of his vehicles are stationed and registered in California and rented to the public from depots maintained by petitioner's agents in this state. Plaintiff or his son-in-law rented one of petitioner's trucks from his agents in Redwood City to transport a load of furniture to their home in San Francisco. While plaintiff was unloading the truck, which was parked partially on the street and partially on the sidewalk, he was injured when a rack on the truck broke away from its supports. Plaintiff and his wife brought an action for damages against petitioner and his agents, alleging that his injuries were caused by a defective condition of the truck and that petitioner or his agents were negligent in maintaining the truck and in renting it for immediate use in a defective condition. Petitioner was served as a nonresident pursuant to the provisions of section 404 of the Vehicle Code, and he appeared specially to challenge the jurisdiction of the trial court. That court determined that the service was valid, and petitioner then filed this petition for a writ of prohibition.

Prohibition is a proper remedy if the trial court lacks jurisdiction over petitioner. (*Allen* v. *Superior Court*, 41 Cal. 2d 306, 309 [259 P.2d 905].) Since no question is raised with

respect to compliance with the procedural requirements of section 404, the only issue presented is whether petitioner may be served under that section in plaintiff's action.

Section 404, subdivision (a), provides:

"The acceptance by a nonresident of the rights and privileges conferred upon him by this code or any use of the highways of this State as evidenced by the operation by himself or agent of a motor vehicle upon the highways of this State or in the event such nonresident is the owner of a motor vehicle then by the operation of such vehicle upon the highways of this State by any person with his express or implied permission, is equivalent to an appointment by such nonresident of the director or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against said nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State by himself or agent."

Petitioner contends that the statute is inapplicable on the grounds that unloading is not part of the operation of a vehicle and that the vehicle was not being operated "by himself or agent" at the time of the accident. Plaintiff, on the other hand, contends that unloading constitutes part of the operation of a vehicle, that it is sufficient to permit service if the vehicle is being operated with the express or implied permission of the owner, and that, in any event, petitioner's agents operated the vehicle within the meaning of the statute when they rented it in a defective condition.

The obvious purpose of section 404 is to make amenable to suits in the courts of this state those nonresidents who may incur liability in the operation of motor vehicles upon the highways of this state. What constitutes operation within the meaning of the statute must be determined in the light of this objective. It should be noted at the outset that we are not here concerned with the owner's imputed liability under section 402 of the Vehicle Code for the negligence of those using or operating his vehicle with his express or implied permission. Petitioner is liable, if at all, because he or his agents were negligent in renting a defective truck for use upon the highways of this state, and if such renting constituted operation within the meaning of the statute, it is immaterial whether or not petitioner might also be amenable to service on the ground that the truck was being operated with his permission when the accident occurred.

■ Although the meaning of the word "operation" in section 404 has not been litigated in this state, in other contexts, contrary to decisions in other states (see, e.g., *O'Tier v. Sell*, 252 N.Y. 400, 403 [169 N.E. 624]; *State v. District Court*, 112 Mont. 253 [114 P.2d 1047, 1051]; *Brown v. Cleveland Tractor Co.*, 265 Mich. 475, 479 [251 N.W. 557]), it has been interpreted to include more than the actual physical driving of a vehicle on the highway. (*Sutton v. Tanger*, 115 Cal.App. 267, 270 [1 P.2d 521]; *Lundquist v. Lundstrom*, 94 Cal.App. 109, 111-112 [270 P. 696]; *Bosse v. Marye*, 80 Cal. App. 109, 118 [250 P. 693]; see also *Union Tank Line Co. v. Richardson*, 183 Cal. 409, 412 [191 P. 697].) The renting of a vehicle for immediate use clearly constitutes the initiation of its operation and, in the event the vehicle is defective, the creation of an unreasonable risk of harm to the lessee and third parties. ■ The statute does not require that the accident occur during the time that the vehicle is being operated by the nonresident or his agent. It is enough that the accident results from such operation. When, as in this case, the accident would not have occurred but for the negligent renting of a defective vehicle, it clearly resulted from such renting. To hold that such renting does not constitute operation would defeat the legislative purpose of making nonresidents who use our highways in their business amenable to suits in this state. To interpret operation to include such renting is both consistent with the terms of the statute and subserves its purpose. We conclude therefore that petitioner's agents operated the truck within the meaning of the statute when they rented it for immediate use upon the highways of this state. (See *Elfeld v. Burkham Auto Renting Co.*, 299 N.Y. 336, 346 [87 N.E.2d 285]; *McGuire v. Parker*, 78 F.Supp. 199, 200; cf. *Boulay v. Pontikes*, 93 F.Supp. 826, 829.)

■ Petitioner contends, however, that an accident occurring during unloading is not the type of accident intended to be covered by section 404. We cannot agree with this contention. It has frequently been recognized that the normal operation of a vehicle includes more than its movement over the highway. (*Horton v. Benson*, (Tex.Civ.App.) 266 S.W. 213, 217; *Stroud v. Board of Water Commrs.*, 90 Conn. 412 [97 A. 336, 337]; *Commonwealth v. Henry*, 229 Mass. 19 [118 N.E. 224, 225, L.R.A. 1918B 827]; *Chiarello v. Guerin Special Motor Freight*, 22 N.J. Super. 431 [92 A.2d 136, 139-140]; *Hand v. Frazer*, 139 Misc. 446 [248 N.Y.S. 557, 559-560].) There is nothing in the statute that limits its opera-

tion to any particular types of accidents or collisions. By its express terms it is applicable to "any action . . . growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State by himself or agent." ■ Moreover, whether or not the actual loading or unloading of a vehicle is part of its operation so as to make a nonresident amenable to service in an action based solely on negligence occurring in the process of loading or unloading (see *Bryant Truck Lines* v. *Nance,* 199 Ark. 556 [134 S.W.2d 555, 556]; *Ellis* v. *Georgia Marble Co.,* 191 Tenn. 229 [232 S.W.2d 45, 48]; *Brauer Machine & Supply Co.* v. *Parkhill Truck Co.,* 383 Ill. 569, 583 [50 N.E.2d 836]; *Mulligan* v. *Jersey Truck Renters,* 196 Misc. 828 [95 N.Y.S.2d 232, 233]), any accident occurring during the normal use of the vehicle that is traceable to the negligent renting of it in a defective condition for use upon the highways of this state is one resulting from its operation within the meaning of section 404.

The alternative writ is discharged and the peremptory writ of prohibition is denied.

Gibson, C. J., Shenk, J., Carter, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.

EDMONDS, J.—Although I believe that the Legislature properly may make amenable to substituted service of process one who engages in the business of renting vehicles within the state, I do not read section 404 of the Vehicle Code as being sufficiently broad to include that activity. In my opinion, the Legislature intended to bring within the terms of the statute the nonresident who causes injury while driving a vehicle upon a California highway, or who may be responsible therefor upon the principles of imputed liability. But to construe the phrase "operation of such vehicle upon the highways" as including any activity which makes the vehicle available for use upon the highway stretches that phrase quite beyond its normally accepted meaning. Although the result of the decision may be desirable, it should not be accomplished by strained judicial construction.

I would allow the writ.