■ MILTON H. MINER, Appellant, v. E. P. BETTENDORF, Doing Business as E. P. BETTENDORF COMPANY et al., Respondents.— Appeal from an order of the Supreme Court, Special Term, Greene County, which set aside service of the summons in a negligence action. Plaintiff effected substituted service upon the defendants, all nonresidents, under the purported authority of section 52 of the Vehicle and Traffic Law. The complaint alleges that defendant Grant was the owner, defendant Bettendorf the lessee, and the three other defendants the operators, of certain tractor-trailer units which, through negligent opera-tion, collided with a ramp or loading platform on private property in this State, in consequence of which the ramp or platform became hazardous, danger-ous and insecure, so that while plaintiff was upon it some 10 days later, he was caused to slip, trip and fall as the result of the collapse of a portion of the ramp or platform and to sustain the injuries and damages complained of. Under section 52, service upon the owner and the operators, at least, was valid if this action is one " growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle in this state or in which such motor vehicle or motor cycle, trailer or semi-trailer may be involved while being operated in this state with the consent, express or implied, of such nonresident owner ". In our view, the language of the statute is suffi-ciently broad to render it applicable to the state of facts here alleged. Clearly, the original incident was an " accident " in which the operators and the vehicles were " involved ". It is equally apparent that the allegations of the complaint show the second accident to have been one " growing out of " the first, within the meaning of that broad and comprehensive term. The implication that the test is that of proximate cause seems to us inescapable. We are unable to agree with the Special Term's conclusion that other acts of negligence " necessarily had to take place to give him [plaintiff] a right of recovery here ". In *Matter of Guardian Cas. Co.* (253 App. Div. 360, affd. 278 N. Y. 674) the essential facts which sustained the recovery differed from those pleaded here only as to the time intervening between the first and second accidents and we deem that difference immaterial insofar as this motion is concerned. It might become important, perhaps in connection with other proof, as a matter of evidence, upon the trial. As has been noted, the defendant Bettendorf is alleged to have been the lessee of the motor vehicles. Subdivision 18 of section 2 of the

Vehicle and Traffic Law provides: "'Owner' shall also include any lessee or bailee of a motor vehicle, or motor cycle having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days." An affidavit of defendant Bettendorf states that the motor vehicles were under lease to him and were in his exclusive control, but is silent as to whether the period of his use was greater than 30 days. However, the movants do not contend here that the situation of the defendant lessee differs from that of the other defendants as respects the propriety of the service. Order reversed, with $10 costs, and motion denied, without prejudice to a renewal of the motion as to defendant Bettendorf upon proof that he did not have exclusive use of the motor vehicles, or any of them, for a period greater than 30 days. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.