Jacob J. Schwartzwald, J.
Third-party defendants, nonresidents, appear specially and move to vacate service of the third-party summons and complaint effected upon them by substituted service pursuant to the provisions of section 52 of the Vehicle and Traffic Law, upon the grounds that the original complaint fails to allege a cause of action involving a motor vehicle and that the accident alleged in both the original complaint and the third-party complaint did not arise out of the operation of a motor vehicle within this State.
Section 52 provides for substituted service of the summons upon a nonresident “ in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle in this state.”
The third-party defendants are specifically charged in the third-party complaint with negligent operation, management and control of their motor vehicle so as to cause and create a dangerous and unsafe condition on the New York State Thruway.
*975 Service of a summons under section 52 upon a nonresident defendant has been upheld where the defendant claimed that his truck was standing or parked by a highway and not being operated (Hand v. Frazer, 139 Misc. 446, affd. 233 App. Div. 800). In that case the court found that the Legislature intended “ to provide a method whereby those who negligently use the highways of this State can be brought into its courts to answer for alleged results of such use. To leave an automobile standing across a lane of highway traffic or to park it in a manner which disregards the safety of other users of the highway may be as great a menace to human life as reckless speed.” (P. 447, emphasis supplied.)
The original complaint alleges an accident occurring on the New York State Thruway as a result of the alleged negligence of the defendant, a contractor who was doing certain work on the highway at the point of location of the accident. The third-party defendants have been charged in the third-party complaint with having created, through the operation of their motor vehicle at that time and place, the conditions which caused the accident.
In point of time and location the third-party defendants were admittedly in close proximity to the accident alleged in both complaints and, upon all the pleadings herein, may be found to have been responsible for the accident as a result of their alleged negligence in the use and operation of their motor vehicle on the Thruway.
The fact that the original complaint does not allege that the accident was the result of the operation of a motor vehicle on a highway in this State does not affect the jurisdiction over the third-party defendants which has been obtained by this court through substituted service of the summons and complaint. It is sufficient that the third-party plaintiff’s complaint makes the required allegations necessary to bring it within the purview of section 52 to obtain jurisdiction over the parties by means of substituted service.
“ [A] third-party complaint need not rest upon the same cause of action or on the same ground asserted by the plaintiff.” It is good if “ there may be liability over ”. (Robinson v. Binghamton Constr. Co., 277 App. Div. 468, 470, 471.)
Motion to vacate service of the summons and complaint denied. Third-party defendants are granted leave within 20 days after service of a copy of the order herein, with notice of entry, to serve their answer. Settle order on notice.