Stella **KENNELLY**, as Administratrix ad prosequendum upon the Estate of John Kennelly, deceased, Plaintiff

v.

**SECORD TRANSPORTATION CO., Ltd.** and Ovila Vocal, Defendants.

United States District Court
S. D. New York.
May 5, 1959.

Gair & Gair, New York City, for plaintiff.

Simpson, Thacher & Bartlett, New York City, for defendants.

CASHIN, District Judge.

This is a motion to vacate service of process and to quash the return on said service on the ground of lack of personal jurisdiction over the defendants.

The wrongful death action arises out of a motor vehicle accident which occurred in the area of the Grace Line Terminal at 11th Avenue and 15th Street in New York City. The motor vehicle involved was owned by the corporate defendant and operated by the individual defendant, an employee. Both defendants are residents of Ontario, Canada. Service of process was made pursuant to Section 52 of the New York Vehicle and Traffic Law.

The moving parties assert that the accident occurred on private property rather than a public highway. They then allege that the statute does not apply to private property or, in the alternative, if the Court should find that it does apply to private property, that such an application is beyond the State's police power and is violative of the due process clause of the Fourteenth Amendment.

The Court feels that the issue of whether the property on which the accident took place is a public highway is a factual one, which cannot be decided on the moving papers. However, for the purposes of this motion we shall treat the accident as having happened on private property, since we hold that the legal result is the same in either case.

There is no phraseology found within the statutory framework of Section 52 to lead this Court to believe that its application should be restricted to accidents arising only on the public highways of New York State. The statute is couched in the broadest possible terms, and requires only that the vehicle be used or operated "in the state". The scope of the statutory language has already been

pointed out in Miner v. Bettendorf, 1956, 2 A.D.2d 951, 157 N.Y.S.2d 27, where the Appellate Division held that Section 52 was applicable to an accident which had taken place on private property.

That the Legislature intended such a sweeping application is evidenced by the fact that the predecessor of the present Section 52 was specifically limited in its application to motor vehicles being operated on the public highways. Finn v. Schreiber, D.C.1940, 35 F.Supp. 638. The Legislature's elimination of this wordage from the present Section 52 indicates to this Court a clear legislative intent to broaden the application of the statute to include accidents taking place within the State but not on public highways.

█ The sole remaining question for us to decide is whether the extension of Section 52 to include accidents occurring on private property exceeded the State's police power and was thereby unconstitutional. The basic constitutionality of a statute such as Section 52 is now firmly established. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Leighton v. Roper, 300 N.Y. 434, 91 N.E.2d 876, 18 A.L.R.2d 537. As the Supreme Court said in the Hess case:—

"Motor vehicles are dangerous machines, and, even when skillfully and carefully operated their use is attended by serious dangers to persons and property. In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all residents and nonresidents alike who use its highways. The measure in question operates to require a nonresident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights." 274 U.S. at page 356, 47 S.Ct. at page 633.

Although the Supreme Court in the Hess case made reference to the use of the public highways, it did so, in my opinion, only because the State statute under consideration was by its terms limited to such use as operation. There is no indication that the Supreme Court based its holding on the fact that the statute was applicable only to the public highways, or that the court was setting a limit beyond which the State police power could not extend.

The chief factor which the court stressed was the danger to life and property inherent in the operation and use of motor vehicles. Can it be seriously argued that the State has a compelling interest in protecting the lives and property of its citizens while they are upon the public highways, but that it loses all such interest when an injury occurs on private property within the State? Obviously, the State has the right to protect life and property any place within its boundaries, as long as it uses reasonable means in effecting such protection.

Moreover, the operation and use of the motor vehicle upon the highways of the State was a necessary prelude to the happening of the accident upon private property. This was pointed out by the court in Sipe v. Moyers, 353 Pa. 75, 44 A.2d 263, 264, which stated:—

"To hold that state power in this regard could not constitutionally be exercised to reach beyond the highway itself and encompass within its scope instances where the nonresident, after having entered the state over state highways, proceeds onto private property and there causes injury to another, would create an artificial and unreasonable distinction."

The cases cited by the moving parties are inapposite. They involve statutes which are more limited in their terms than present Section 52 (Brauer Machine & Supply Co. v. Parkhill Truck Co., 1943, 383 Ill. 569, 50 N.E.2d 836, 148 A.L.R. 1208; Kelley v. Koetting, 1948, 164 Kan. 542, 190 P.2d 361; Chiarello v. Guerin, Special Motor Freight, 1952, 22 N.J.Super. 431, 92 A.2d 136; Finn v. Schreiber, supra), or cases where the use or

operation of a motor vehicle within the meaning of the statute was found wanting. Brown v. Hertz Drivurself Stations, 1952, 203 Misc. 728, 116 N.Y.S.2d 412; De Luca v. Consolidated Freight Lines, D.C.E.D.N.Y.1955, 132 F.Supp. 863. The cases above do not give a single reason why the extension of the statute to include motor vehicle accidents upon private property would be beyond the State police power. This Court finds that it is not.

Motion denied.

It is so ordered.