FRANK K. HAYASHIDA, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENT.

No. 4325

December 1, 1960                    357 P.2d 117

*Goldwater, Taber & Hill,* of Reno, for Petitioner.

*Belford, Anglim & Brown,* of Reno, for Respondent.

## OPINION

By the Court, MCNAMEE, C. J.:

This is an original proceeding wherein petitioner seeks a writ of prohibition to prevent respondent court from continuing with a tort action against him on the ground that it has no jurisdiction over petitioner.

One Claud Head sustained personal injuries when a truck and trailer, owned by petitioner, was being unloaded at a job site where the truck had parked a half mile from Nevada State Highway Route 27. At the time of the accident the engine was stopped and the driver was out of the vehicle. The said tort action was commenced by Head who alleged therein that the accident resulted in part from the negligent unloading of the truck at said job site by petitioner's employee.

Pursuant to NRS 14.070 petitioner was served with process by service on the director of the department of motor vehicles. Subsection 1 of NRS 14.070 reads as follows:

"The use and operation of a motor vehicle over the public roads, streets or highways in the State of Nevada by any person, either as principal, master, agent or servant, shall be deemed an appointment by such operator, on behalf of himself and his principal or master, of the director of the department of motor vehicles to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of such use or resulting in damage or loss to person or property, and the use or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as though served upon him personally within the State of Nevada."

The respondent court denied petitioner's motion to quash such service of summons.

The only question before us in this proceeding is

whether NRS 14.070 has application to accidents occurring under circumstances as heretofore set forth.

In construing a statute similar to NRS 14.070, whose pertinent provisions are identical therewith, the Supreme Court of Illinois held that substituted service was insufficient. Brauer Machine & Supply Co. v. Parkhill Truck Co., 383 Ill. 569, 50 N.E.2d 836, 842, 148 A.L.R. 1208. In that case an accident occurred during the unloading of a truck on private premises. To reach such premises the truck had traversed the highways of the state. The court in holding that such an accident was not within the statutory provision which permits constructive service of summons in any action or proceeding growing out of the use and operation of a motor vehicle over the public highways said:

"The difficulty with appellant's position is that it is based on the proposition that the unloading was an incident of the contract of carriage. As between the shipper and the carrier, this is no doubt true. It does not necessarily follow, however, that such unloading was incident to the use of the highway. We are not here concerned with the relations or with any contract existing between the shipper and the carrier. The sole question here is whether the injury sustained by Lindstrom was one growing out of the use of the highway. * * * The words 'or resulting in damage or loss to person or property' refer only to damage or loss growing out of the use of the highways, as specifically limited by the preceding language of the section. These general words must be limited by the particular and specific words which precede them. The general words must be construed to include only actions for damages growing out of the use of the highways as indicated by the specific words which they follow." Accord: Langley v. Bunn, 225 Ark. 651, 284 S.W.2d 319; Ellis v. Georgia Marble Co., 191 Tenn. 229, 232 S.W.2d 45; O'Sullivan v. Brown, 5 Cir., 171 F.2d 199 (accident happened on U. S. Government land with egress and ingress only through guarded gates) ; DeLuca v. Consolidated Freight Lines, D.C. N.Y., 132 F. Supp. 863 (injuries received while unloading a

tractor-trailer stopped at a pier); and Mulligan v. Jersey Truck Renters, 196 Misc. 828, 95 N.Y.S.2d 232 (plaintiff injured by a sheet of cardboard which was being unloaded from defendant's truck).

Statutes providing for constructive or substituted service of process on nonresident motorists are in force in nearly all, if not all, of the states. While many of the cases construing the same are in conflict, the reason more often than not results from the different wording of the various statutes. Nevertheless it is impossible in some instances to reconcile conflicting views.

In McDonald v. Superior Court, 43 Cal.2d 621, 275 P.2d 464, 466, substituted service upon the owner of a truck was approved in a tort action growing out of an accident which occurred during the unloading of the vehicle while it was parked partially on a street and partially on the sidewalk. The negligence however was predicated upon the defective condition of the truck, the court holding that "any accident occurring during the normal use of the vehicle that is traceable to the negligent renting of it in a defective condition for use upon the highways of this state is one resulting from its operation within the meaning of section 404." The California Supreme Court in this case failed to pass on whether or not the actual loading or unloading of a vehicle is part of its operation so as to make a nonresident amenable to service in an action based solely on negligence occurring in the process of loading or unloading. In lieu thereof it referred to the holdings in the Brauer case and others in accord therewith with implied approval, although the court in the case of Schefke v. Superior Court, 136 Cal.App.2d 715, 289 P.2d 542, commenting upon the McDonald and Brauer cases states otherwise.

We are unable to see how there could be any possible connection in the unloading of the truck in this case with the use of the highway. We conclude therefore that the unloading of a vehicle which is entirely off the public roads, streets and highways is not part of its use and operation upon such public passageways within the meaning of NRS 14.070.

As stated in the Brauer case [383 Ill. 569, 50 N.E.2d 843]:

"The constitutionality of a similar statute of the State of Massachusetts was sustained by the Supreme Court of the United States on the ground that the implied consent of a nonresident, by the use of the highway, to the appointment of an attorney for service of process, was limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved. Hess v. Pawloski, 274 U.S. 352, 47 S. Ct. 632, 71 L.Ed. 1091.

"We think it is clear from the opinion in that case that a statute providing for such substituted service, if not limited to actions or proceedings growing out of accidents or collisions on the highways, would be invalid under section 2, article IV, of the Federal constitution."

As the petitioner was not properly brought into the jurisdiction of this state under our substituted service statute, respondent court is without jurisdiction to proceed with said tort action against petitioner.

Let the writ of prohibition issue.

BADT and PIKE, JJ., concur.