Thomas E. Morrissey, Jr., J.
This is an action for personal injuries allegedly sustained by the plaintiff while working on a vessel owned by the defendants, while the vessel was docked at a pier in Brooklyn. The defendants served a third-party summons and complaint on J. M. Callaghan Trucking Company, a third-party defendant, resident of New Jersey, in the manner provided by section 253 of the Vehicle and Traffic Law of the State of New York. The third-party defendant moves to set aside the service on the ground that it is not subject to process pursuant to said law.
It appears from the papers submitted on this motion that a truck owned by the third-party defendant delivered oil to the vessel owned by the defendant; that the delivery was accomplished by pumping the oil from the truck through a hose *951 belonging to and being part of the track into a pipe on the deck of the vessel. It is the plaintiff’s claim that he slipped and fell by reason of an accumulation of oil, which had seeped from an alleged defective coupling in the hose.
An examination of the law and the interpretations placed thereon by the courts indicates that the trend of the courts has been towards broadening the base of constructive service upon nonresident owners of vehicles involved in accidents within the State of New York. The language of section 253 as amended, by adding the words ‘ ‘ use ’ ’ and ‘ ‘ using ’ ’ and as interpreted by the latest decisions of the appellate courts, is sufficiently broad to render it applicable to the facts in the instant ease. In the opinion of the court the accident complained of is one growing out of the “ use ” and operation of a motor vehicle within the meaning of the statute. (Aranzullo v. Collins Packing Co., 18 A D 2d 1068.) The third-party defendant’s motion is denied.