**Wesley C. WILSON**

v.

**John ARMSTRONG.**

**Civ. A. No. 35740.**

United States District Court
E. D. Pennsylvania.

April 22, 1965.

Dante Mattioni, Philadelphia, Pa., for plaintiff.

Robert Cox, Joseph A. Barone and Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

On September 11, 1963, the plaintiff was in the employ of the defendant, a citizen of Texas, and was assisting in the transportation of a number of polo ponies by tractor trailer, belonging to the defendant, over the Pennsylvania Turnpike. Near Harrisburg, the tractor broke down, and it was found that the necessary spare parts to make the repairs were lacking. The defendant, reached by telephone from a nearby farm house, directed that the plaintiff unload the horses, take one of them and ride it to a nearby service station to get the needed parts. All saddles and bridles had been locked up and, no key having been furnished, the plaintiff mounted and rode the horse bareback with only a halter. As a result, the horse threw him and he was seriously injured.

The plaintiff brought this suit invoking diversity jurisdiction. Service was made upon the Secretary of the Commonwealth in reliance upon the Nonresident Motorist Act of Pennsylvania, 75 P.S. § 2001. That Act provides for service of process upon the Secretary of the Commonwealth

"* * * in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against such operator or owner of such motor vehicle or person in whose behalf such motor vehicle is being operated whether or not such person is the operator or owner, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved."

The defendant has moved to vacate and set aside the service.

■■ The question upon which the decision of this motion turns is whether what happened to the plaintiff was an accident in which the tractor trailer was "involved."

I think it quite clear that there was an accident on the Pennsylvania Turnpike, in fact, two accidents. I am quite willing to accept the plaintiff's view that the breakdown of the truck was an accident, and I think that there can be no doubt whatever that the plaintiff's unhorsing was also an accident. The breakdown of the truck did not injure the plaintiff. The fall from his horse did.

The most that can be said in support of the substituted service in this case is that the use of the highway by the motor vehicle in reaching the place where it broke down and its presence on the highway when the plaintiff's accident occurred were factors without which the accident in question would not have occurred. That is not enough.

Although the statute does not provide that the motor vehicle or its operation must have caused the accident but only

that it be involved in it, I think that there must be at least something in the nature of a relationship of cause and effect between the operation of the motor vehicle or its presence at the place of the accident and the plaintiff's injury. Taking the broadest possible view of the principles governing the issue of causation in personal injury cases, I doubt that any decision can be found which would extend them to a case like the present.

The search for dictionary definitions of the word "involve" is unrewarding. Giving the word its most liberal interpretation, it cannot be said that the motor vehicle in the present case was involved in the plaintiff's being thrown from his horse or could be said to have had anything to do with that mishap. It can scarcely be argued that Pennsylvania intends to provide for substituted service for anyone who may be injured by a horse which has been transported into the state by a truck owned by a nonresident, and I think that the fact that the horse was used to transport spare parts intended to repair the truck adds nothing legally significant.

There are only a few decisions which have any real bearing upon the point here discussed. In Sipe v. Moyers, 353 Pa. 75, 44 A.2d 263, there was no question at all that the foreign motor vehicle was involved in the accident which injured the plaintiff. The question was whether the state could constitutionally subject nonresidents to substituted service for accidents occurring not on the highways but on private property. In Leport v. White River Barge Line, D.C., 215 F.Supp. 220, affirmed, 3 Cir., 315 F.2d 129, the sole point discussed in both opinions was whether an intentional or negligent withholding of medical aid was such an accident as was contemplated by the statute. The holding of the Courts that it was not rules out any argument that the defendant's failure to provide spare parts or a key to the equipment locker on the truck "involved" the motor vehicle in the plaintiff's fall from his horse. The opinion of the Court of Appeals reaffirms "the set-

tled rule in Pennsylvania that substituted service statutes must be strictly construed."

It is ordered that the service be set aside.