Robert STOUT, Appellant,

v.

James SUTTON, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1968.

Charles A. Williams, James W. Owens, Paducah, for appellant.

Richard C. Roberts, Waller, Threlkeld & Whitlow, Paducah, for appellee.

WILLIAMS, Judge.

Appellee James Sutton, a resident of Illinois, drove his truck loaded with logs across the Ohio River to a privately owned sawmill in Kentucky. When he removed the chain securing the logs one of them became dislodged, fell off the truck, and injured appellant Robert Stout. Substituted service was had under the nonresident motorist statute, KRS 188.020. A motion to quash service of summons was sustained by the McCracken Circuit Court and this appeal results.

The reason assigned by the court in its order sustaining the motion to quash is:

"* * * the truck which was loaded with logs had reached its destination, and, at the time of the accident complained of in the complaint, it was in the process of being unloaded in an unloading place on private property, and accordingly, the operation of the vehicle had ceased and the operation had become an unloading operation, separate and apart from the operation of the truck, * * *"

The nonresident motorist statute reads as follows:

"KRS 188.020. Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within state shall, by such acceptance and by the operation of such motor vehicle within this state, make the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the oper-

ator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved."

The statute is logically divided into two parts. The first part makes a nonresident motorist amenable to substituted service of process when he accepts the privilege of operating a motor vehicle within this state. The second part limits a civil action to one arising out of or by reason of any accident or collision or damage in which the motor vehicle is involved.

As concerns the first part, some states hold that a nonresident motorist is amenable to substituted service of process even though the accident occurred on private property. Generally speaking, the states which hold otherwise have statutes restricted to operation of a motor vehicle on a public highway. See Annotation following Kohanovich v. Youree, 1 Storey, Del. 440, 147 A.2d 655, in 73 A.L.R.2d, beginning at page 1353.

Our statute makes a nonresident motorist amenable to service of process by operating a motor vehicle *within this state*. Although "public highway" is defined in a preceding section, KRS 188.010, the term is not again used and the definition must be considered as mere surplusage. It is apparent the legislature intended to encompass operation of motor vehicles anywhere within this state either on or off public highways.

Whether loading or unloading comes within the purview of *operation* of a motor vehicle is another area in which the decisions are divided. Some states restrict the application of the statute to those instances involving the use of the highway by a motor vehicle. Ellis v. Georgia Marble Co., 191 Tenn. 229, 232 S.W.2d 45 (1950). Others hold that operation includes more than movement over the highway. 8 Am.Jur.2d, Automobiles and Highway Traffic, section 863. We are

constrained to the view that a motor vehicle need not be moving to be operated. It must be stopped on occasion. That is normal use. Normal use of a truck such as the one involved in this case includes loading and unloading. It follows the accident which occurred during the unloading resulted from the operation of the truck. Chiarello v. Guerin Special Motor Freight, 22 N.J.Super. 431, 92 A.2d 136 (1952); McDonald v. Superior Court, 43 Cal.2d 621, 275 P.2d 464 (1954); Taylor v. Hall, 103 Ohio App. 283, 145 N.E.2d 241 (1956); and Klein v. Wells, 194 Kan. 528, 400 P.2d 1002 (1965).

A more difficult question concerns the provision that the motor vehicle shall be *involved* in any accident or collision or damage which occurs within this state. In this instance appellant was injured by a log, a part of the cargo, which fell off the truck as it was being unloaded. Since appellant was not struck by any part of the truck itself, it is argued that the motor vehicle was not involved. The key word is "involved". Appellee points out that the injury could just as easily have occurred by a rolling log after it was unloaded from the truck, and that unloading does not involve the motor vehicle as such.

It is our opinion that a motor vehicle is definitely involved when an accident occurs during loading or unloading. The reason this appellee brought the vehicle into the state was to unload the logs. We can see little difference in an accident which arises in connection with the unloading process and an accident which arises because some integral part of the motor vehicle is defective or negligently handled. In each instance, if the vehicle were not involved, the accident would not have happened.

Finally, the question of the constitutionality of the statute has been adequately answered by a Pennsylvania case, Sipe v. Moyers, 353 Pa. 75, 44 A.2d 263 (1945). Pennsylvania has a statute very similar to the Kentucky statute. In the Sipe case that court said:

" * * * To hold that state power * * could not constitutionally be exercised to reach beyond the highway itself * *, would create an artificial and unreasonable distinction.

*     *     *     *     *     *

"The statute in question, reasonably adapted to remedy the evil, represents a constitutional exercise of the police power. * * *"

The salutary effect of the statute is that a person who is injured by a nonresident motorist in this state may recover damages rightfully accruing to him without having to pursue the wrongdoer to another forum. We conclude that a nonresident who accepts the privilege of operating a motor vehicle within this state should be compelled to make himself available here for the purpose of rectifying any injury occasioned by the operation of the motor vehicle, regardless of whether it occurred on public or private property. The statute clearly contemplates that conclusion.

The judgment is reversed.

All concur.