Jesse J. LYKENS, Plaintiff,

v.

AMERICAN CAST IRON PIPE COMPA-
NY, Superior Trucking Company, Inc.,
and Curry W. Gravette, Defendants and
Third-Party Plaintiffs,

v.

FRANK MANELLA & SONS, INC.,
Third-Party Defendant.

Civ. A. No. 67–1464.

United States District Court
W. D. Pennsylvania.

Feb. 4, 1969.

John L. Mussman, Pittsburgh, Pa., for plaintiff.

Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Curry W. Gravette & Superior Trucking Co.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for American Cast Iron Pipe Co.

Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for Frank Manella & Sons.

## MEMORANDUM ORDER

GOURLEY, Chief Judge.

This is a civil jury proceeding based on diversity negligence. Service was made on the defendants pursuant to the Pennsylvania Nonresident Motorist Act, 75 Pa. P.S. Sections 2001, 2002. The immediate matter before the Court is the Motion of Gravette to Quash Service of Process which was made under the Pennsylvania Act.

The Court has conducted a full, complete and exhaustive hearing, considered the oral arguments of counsel and the briefs of the parties as well as the pertinent law. It is concluded that service under the Pennsylvania Nonresident Mo-

torist Act was proper as to the defendant, Curry W. Gravette.

The origin of the motor vehicle trip was Birmingham, Alabama, with the destination Pittsburgh, Pennsylvania.

Defendant Gravette was the owner-operator of the tractor-trailer unit. It was loaded by Defendant American Cast Iron Pipe Company and was being operated by Gravette on the business of Superior Trucking Company, Inc. After arrival at its destination, Gravette removed the chains binding the load of large cast iron pipe. The plaintiff, an employee of the third party defendant, Manella & Sons, was injured when a section of the pipe that had been allegedly improperly blocked was loosened, rolled and struck the plaintiff causing him to fall and sustain grievous and serious injuries.

It is not disputed that at the time of the accident the unit was stationary, having been parked for the purpose of unloading. The gravaman of the Defendant Gravette's position is that

(a) the trailer on which the cast iron pipe was loaded does not constitute a motor vehicle although it was attached to the tractor from point of origin to the point of destination. It was in reality one unit from the time of loading to the event of the accident;

(b) that the circumstances under which the injuries were sustained do not constitute an accident in which a motor vehicle was involved;

(c) that the allegations in the complaint do not set forth any act of negligence on the part of the Defendant Gravette in the operation of a motor vehicle.

■ The word "involved" under the Pennsylvania statute has not been interpreted to mean something connected with the accident as a natural or logical effect of the accident, but that involvement means just that and not causation. Wilson v. Armstrong, D.C., 242 F.Supp. 612. Under the Pennsylvania Nonresident Motorist Act the word "involved" includes not only the movement of a motor vehicle but any use that is made of said unit, which includes loading and unloading.

■ In addition, the complaint alleges that the defendants were negligent (a) in the loading and stacking of the cast iron pipe; (b) in failing to properly block same; (c) improper bindings of all the pipe; (d) failure to give proper instructions as to loading and unloading; (e) failure to notify persons on the job site or the destination of the cargo that might be involved in the unloading as to the proper practices and procedures to use in the unloading; (f) in the defendants failing to use due care under the circumstances.

We are dealing with notice pleading and the general allegations could certainly sustain a right to recover against all the defendants if proof as to any or all of the acts of negligence is presented at the trial of the action.

Unquestionably, the tractor-trailer was a unit such as constitutes a motor vehicle in Pennsylvania whether it was in operation, stationary or parked for the purpose of unloading of its cargo.

The Court concludes that service of process was consistent with the provisions of the Pennsylvania Nonresident Motorist Act.

Now, therefore, this 4 day of February, 1969, the Motion of Defendant, Curry W. Gravette, to Quash Service, of Process is denied. The defendant, Curry W. Gravette, is directed to answer the complaint consistent with the provisions of the Federal Rules of Civil Procedure.