124 N.J. Super. 193 (1973)
305 A.2d 802
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM R. PICKENS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 19, 1973.
Decided June 8, 1973.
*194 Before Judges FRITZ, LYNCH and TRAUTWEIN.
Mr. Carl Klein, attorney for appellant.
Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Mr. John De Cicco, Deputy Attorney General, of counsel and on the brief).
The opinion of the Court was delivered by TRAUTWEIN, J.A.D.
This appeal challenges the constitutionality of N.J.S.A. 39:3-40 which provides for a mandatory jail sentence of not less than 45 days for a person *195 operating a motor vehicle while on the revoked list if such person while so operating a vehicle is involved in an accident resulting in personal injury.
Facts have been stipulated. Defendant concedes his license was revoked. He further concedes that, while his license was thus revoked he operated his motor vehicle and that during its operation an accident occurred with another vehicle resulting in injuries to both drivers, those of the other driver being more extensive than defendant's.
At the municipal court level defendant was fined $200, with court costs of $10, and sentenced to 45 days in the county jail. On his appeal to the County Court, on the same stipulated facts as hereinabove recited, defendant challenged the constitutionality of that portion of the statute mandating a minimum jail sentence of 45 days. The County Court found defendant guilty and imposed a sentence identical to that in the municipal court plus an additional $20 court costs on the appeal.
Defendant contends that the mandatory prison sentence portion of the statute is unconstitutional on the grounds that legislative imposition of "criminal redress" for a civil wrong is an abuse of discretion and that it works a denial of due process through inherent vagueness and uncertainty of legislative intent.
The thrust of defendant's first contention is that the mandatory jail term is imposed for the commission of an unintentional tort  negligence  which is noncriminal in nature, and thus by directing a prison sentence the Legislature has wrongfully converted a civil wrong into a crime. This argument fails. A defendant convicted under the statute here involved may still have to face a civil suit for damages brought by the driver of the other car, cast in negligence. Our common law provides for that relief. The statute here involved is designed for separate and distinct purposes  punishment and deterrence to the end that the public be protected. Cf. State v. Smith, 58 N.J. 202 (1971); *196 Vance v. State, 67 N.J. Super. 63, 67 (App. Div. 1961). Thus the action is brought in the name of the State. To this end it has been held that the Legislature possesses broad discretion to impose both a criminal and civil or administrative sanction in respect to the same act or omission. Atkinson v. Parsekian, 37 N.J. 143, 154 (1962). Consistent with this proposition are an abundance of decisions characterizing proceedings to enforce Title 39 as quasi-criminal in nature. State v. Zucconi, 93 N.J. Super. 380, 384 (App. Div. 1967), and cases therein cited.
Finally, on this point, defendant's emphasis on being jailed for involvement in an accident resulting in injury is misplaced. The gravamen of the offense here charged is driving on the revoked list. The fact that an accident occurs and injury results is an aggravating circumstance clearly reognized by the Legislature and correspondingly providing for a harsher punishment.
As to defendant's second contention that the statute is inherently vague to the point of a denial of due process, we find no merit. He offers a variety of hypothetical cases through which run common threads of either no fault on the accused's part or injury only to himself, as for example, driving on the revoked list and being hit in the rear while stopped or hitting a tree with injury only to himself. The fact is that such was not the case in this instance. Moreover, we do not believe that defendant had standing to raise these hypothetical cases within the context of his theory of error.
A contention that a statute violates due process because of vagueness is based on the theory the defendant had no fair warning that his conduct was proscribed. Thus, a defendant whose conduct was such that he clearly could tell it was prohibited will not be heard to say that the statute is overly broad in that another, in some hypothetical case, could be misled. [State v. Moretti, 52 N.J. 182, 192 (1968)]
It is abundantly clear that the conduct proscribed in N.J.S.A. 39:3-40 is not a departure from the standard of *197 care of an ordinary prudent motor vehicle operator  negligence  but rather driving an automobile while one's license is revoked. Furthermore, one is unmistakenly warned that if he so conducts himself in violation of the statute, which results in an accident with bodily injury, such aggravating circumstances mandate the imposition of a jail sentence.
Thus reviewing the statute, we perceive no vagueness of any nature, let alone one arising to constitutional dimensions.
Affirmed.