132 N.J. Super. 165 (1975)
333 A.2d 29
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ROBERT FEARICK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 1975.
Decided January 31, 1975.
*167 Before Judges CARTON, CRANE and KOLE.
Mr. R. Benjamin Cohen, Assistant Prosecutor, argued the cause for appellant (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Ms. Sara A. Friedman, Assistant Prosecutor, of counsel and on the brief).
Mr. William T. McElroy, argued the cause for respondent (Messrs. McElroy, Connell, Foley & Geiser, attorneys).
PER CURIAM.
Defendant pleaded guilty to a violation of N.J.S.A. 39:3-40 in that he operated a motor vehicle while his driver's license was suspended. The municipal court judge sentenced the defendant to 45 days in the county correctional center and imposed a $200 fine plus costs.
The parties have stipulated that prior to the time of his arrest defendant's license had been indefinitely suspended because he was suffering from a convulsive disorder as the result of a head injury; that he was driving a motor vehicle which was struck by another vehicle driven in the opposite direction. It was further stipulated that injuries resulted to several people and that the accident was not the fault of or caused by defendant.
On appeal the County Court imposed the same fine of $200 plus costs but vacated the custodial sentence.
The State appeals, contending that the imposition of a custodial sentence is mandatory under the statute and that *168 to the extent that the judgment of the County Court omits a custodial term it is illegal.
The statute, N.J.S.A. 39:3-40, in its pertinent parts provides as follows:
No person * * * whose driver's license or reciprocity privilege has been suspended * * * shall personally operate a motor vehicle during the period of * * * suspension * * *.
A person violating any provision of this section shall be fined not less than $200.00 nor more than $1000.00, or be imprisoned in the county jail for not more than 6 months, or both, provided, that if while operating a vehicle in violation of this section, such person is involved in an accident resulting in personal injury, the punishment shall include imprisonment for not less than 45 days.
Defendant contends that the Legislature did not intend that a custodial sentence should be imposed where the operator whose license has been suspended did not cause the accident in which persons were injured. It is further contended that if the statute is construed to apply to a situation where the operator is not at fault, it is unconstitutional because it provides for cruel and unusual punishment and denies due process and equal protection of the laws.
We find no merit in any of defendant's contentions. In construing statutes we are required to accord statutory language its generally accepted meaning. N.J.S.A. 1:1-1. We are not permitted to resort to a forced construction for the purpose of limiting the plain meaning of the statutory language. Markey v. Bayonne, 24 N.J. Super. 105, 114 (App. Div. 1952). We have no hesitation in holding that the phrase, "involved in an accident," was not intended to be limited to those situations in which the driver caused the accident. See Lykens v. American Cast Iron Pipe Co., 295 F. Supp. 895, 896 (D.C.W.D. Pa. 1969). Cf. Butler v. Jersey Coast News Co., 109 N.J.L. 255, 258 (E. & A. 1932). We perceive no intention to limit such all-encompassing language to those who were at fault.
The statute is designed to deter persons whose driver's licenses have been suspended or revoked from driving upon *169 the public highways of the State. Protection of the public is the paramount consideration. It is not accurate to say that the Legislature has chosen to inflict punishment upon blameless individuals. Rather, the Legislature has chosen to recognize the occurrence of an accident in which someone is injured as an aggravating circumstance which justifies the imposition of a greater sanction. State v. Pickers, 124 N.J. Super. 193, 196-197 (App. Div. 1973), certif. den. 63 N.J. 581 (1973).
The imposition of a more severe penalty where aggravated circumstances exist does not offend standards of constitutional law. For example, statutes providing for additional punishment for one who commits a crime while armed are not unconstitutional. State v. Wyckoff, 27 N.J. Super. 322 (App. Div. 1953). Nor do statutes which make the age of the victim in a carnal abuse case determinative of the range of permissible punishment, regardless of defendant's actual knowledge, offend constitutional standards. State v. Moore, 105 N.J. Super. 567 (App. Div. 1969), certif. den. 54 N.J. 502 (1969).
Having in mind the legislative goal of protection of the public from the hazard of unlicensed drivers on the highways, it cannot be said that equal protection or due process is denied by the statute; it does apply equally to all those who come within the classification. State v. Smith, 58 N.J. 202, 206-207 (1971); State v. McCourt, 131 N.J. Super. 283 (App. Div. 1974). It is not unreasonable to conclude that the punishment of all persons who are involved in accidents resulting in personal injuries while driving at a time when their licenses are suspended or revoked will have a tendency to deter persons whose licenses are suspended or revoked from driving. Where there is such a rational relationship between the legislative goal and the means employed to achieve that goal, there is no denial of due process or equal protection. Jamouneau v. Harner, 16 N.J. 500, 518 (1954), cert. den. 349 U.S. 904, 75 S.Ct. 580, 99 L.Ed. 1241 (1955).
*170 We do not agree with defendant's contention that the mandatory custodial sanction constitutes cruel and unusual punishment. The nature of the punishment does not shock the general conscience nor does it violate principles of fundamental fairness. Whether we of the judiciary approve of the sanction selected by the Legislature is irrelevant. We cannot in any event say that the penalty is grossly disproportionate to the offense. Under those circumstances we see no merit to defendant's contention. State v. Hampton, 61 N.J. 250, 273-274 (1972).
The court below was not at liberty to ignore the legislative command that a custodial sentence be imposed and was without power to suspend its imposition or execution. State v. Johnson, 42 N.J. 146, 174 (1964). The sentence of the County Court was thus illegal insofar as it omitted the mandatory custodial term. State v. Sheppard, 125 N.J. Super. 332 (App. Div. 1973), certif. den. 64 N.J. 318 (1973). The judgment of conviction is therefor modified to include the direction that defendant be confined for 45 days in the Essex County Correction Center. As modified, the judgment of conviction is affirmed.