STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MARK LIMA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 14, 1976—Decided October 5, 1976.

Before Judges LORA, CRANE and MICHELS.

*Messrs. Wilentz, Goldman & Spitzer,* attorneys for appellant, (*Mr. Frank M. Ciuffani,* of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent, (*Mr. William Welaj,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. Defendant challenges the legality of a mandatory three-month jail sentence and two-year revocation of his driving privileges imposed upon him as a second offender following his guilty plea to the charge of operating a motor vehicle in New Jersey without motor vehicle liability insurance coverage, in violation of *N. J. S. A.* 39:6B-2. Defendant contends that he should not have been sentenced as a second offender because the complaint filed against him in municipal court did not charge him as such and did not allege a prior conviction under the statute.

In a complaint filed on March 27, 1974 with the Municipal Court of the Township of Bernards, defendant was charged with operating an uninsured motor vehicle in violation of *N. J. S. A.* 39:6B-2. Admittedly, defendant had previously been convicted of the same offense. When defendant finally appeared to answer the charge on July 22, 1974, the municipal judges fully informed him of the nature of the charge and that, as a second offender, a mandatory three-month jail sentence and two-year forfeiture of his driving privilege would be imposed if he were found guilty or pleaded guilty. Notwithstanding this, defendant stated that he wanted to enter a guilty plea. The judge refused to accept the plea at that time and adjourned the trial to enable defendant to retain counsel. On November 18, 1974, with the advice and in the presence of counsel, defendant pleaded guilty to operating a motor vehicle without motor vehicle liability insurance coverage and stipulated that he had previously been convicted of the same offense. However, defendant argued that since the complaint did not charge him as a second offender, he had to be sentenced for a first offense. The municipal judge disagreed. In a well-reasoned opinion he found that defendant was given adequate notice and opportunity to be heard as to the increased penalty to be imposed upon him as a second offender and suffered no prejudice from the omission in the charge, and therefore was accorded due process of law. Defendant was judged guilty as a second offender

and a mandatory three-month jail sentence and two-year revocation of his driving privileges were imposed. Defendant appealed, and following a trial *de novo* in the Somerset County Court on the record below, he was found guilty again as a second offender and the same mandatory sentence was imposed. The custodial portion of defendant's sentence was stayed pending appeal to this court.

Defendant's claim that he cannot be sentenced as a second offender because of the failure to be charged in the complaint as such is clearly without merit. *N. J. S. A.* 39 :6B–2 provides :

Any owner, or registrant of a motor vehicle registered or principally garaged in this State who operates or causes to be operated a motor vehicle upon any public road or highway in this State without motor vehicle liability insurance coverage required by this act, and any operator who operates or causes a motor vehicle to be operated and who knows or should know from the attendant circumstances that the motor vehicle is without motor vehicle liability insurance coverage required by this act shall be subject, for the first offense, to a fine of not less than $50.00 nor more than $200.00 or imprisonment for a term of not less than 30 days nor more than 3 months or both, in the discretion of the municipal judge, and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of 6 months from the date of conviction. Upon subsequent conviction, he shall be imprisoned for a term of 3 months and shall forfeit his right to operate a motor vehicle for a period of 2 years from the date of his conviction, and, after the expiration of said period, he may make application to the Director of the Division of Motor Vehicles for a license to operate a motor vehicle, which application may be granted at the discretion of the director. The director's discretion shall be based upon an assessment of the likelihood that the individual will operate or cause a motor vehicle to be operated in the future without the insurance coverage required by this act. A complaint for violation of this act .may be made to a municipal court at any time within 6 months after the date of the alleged offense.

The Legislature has not set forth the procedure to be followed in imposing an increased penalty under *N. J. S. A.* 39 :6B–2, as it has for the imposition of punishment for repetitive criminal conduct constituting a misdemeanor or high misdemeanor under *N. J. S. A.* 2A :85–13. *Cf.*

*State v. Washington,* 47 *N. J.* 244, 249–50 (1966) ; *State v. Lutz,* 135 *N. J. L.* 603, 604–605 (Sup. Ct. 1947).

Nevertheless, it is a basic principle of procedural jurisprudence that the accused be given, before sentence as for a second offense, notice and an opportunity to be heard as to the commission of the prior offense made a precondition to the greater punishment provided for its repetition. *State v. Laird,* 25 *N. J.* 298, 304 (1957).

See also *State v. Booker,* 88 *N. J. Super.* 510, 514–15 (App. Div. 1965), *cert.* den. 384 *U. S.* 944, 86 *S. Ct* 1472, 16 *L. Ed.* 2d 543 (1966) ; *State v. Burger,* 74 *N. J. Super.* 208, 216 (App. Div. 1962).

We are satisfied from our study of the entire record that considerations of fundamental due process and requirements of basic fairness have been fully observed. Defendant was given adequate notice and afforded an ample opportunity to be heard prior to entering a plea to the charge and the imposition of sentence. In the circumstances, defendant was not prejudiced in any way by the failure to be formally charged in the complaint as a second offender, and we find no justification for disturbing the imposition of a mandatory sentence upon defendant as such under *N. J. S. A.* 39 :6B–2. See *State v. Tyler,* 88 *N. J. Super.* 396, 404–05 (App. Div. 1965) ; *cert.* den. 384 *U. S.* 992, 86 *S Ct.* 1898, 16 *L. Ed.* 2d 1008 (1966) ; *State v. Rowe,* 116 *N. J. L.* 48, 51–53 (Sup. Ct. 1935), aff'd o. b. 122 *N. J. L.* 466 (E. & A. 1939).

Accordingly, the judgment of conviction of defendant as a second offender under *N. J. S. A.* 39 :6B–2 and the mandatory sentence imposed thereon are affirmed.