HEARD v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 78-2691. Submitted June 15, 1979, at Detroit.—Decided
October 15, 1979. Leave to appeal applied for.

William H. Heard was injured when he was struck by an automobile driven by State Farm Mutual Automobile Insurance Company's insured while Heard was pumping gasoline into the tank of his uninsured automobile which was parked in a self-serve gas station. There was no contact between Heard's uninsured automobile and the insured automobile. Heard sought personal protection benefits under the no-fault motor vehicle insurance policy issued by State Farm, claiming that his uninsured automobile was not connected with the accident. State Farm refused to make payments and Heard brought suit. State Farm moved for summary judgment on the basis that plaintiff was excluded from personal protection benefits under the no-fault insurance act because his uninsured automobile was involved in the accident. The Oakland Circuit Court, Steven N. Andrews, J., granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

1. Plaintiff's injuries, being the direct result of physical contact with equipment permanently mounted on his parked automobile, are injuries arising out of the ownership, maintenance or use of his automobile within the meaning of the no-fault insurance act.

2. Plaintiff was not a pedestrian within the meaning of the no-fault act, notwithstanding the fact that he was outside the confines of his automobile.

3. Plaintiff's automobile was involved in the accident within

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] New Topic Service Am Jur 2d, No-Fault Insurance §§ 18, 19.
What constitutes a "motor vehicle" covered under no fault insurance. 60 ALR3d 651.

[3] New Topic Service Am Jur 2d, No-Fault Insurance §§ 17-19.

[4] New Topic Service Am Jur 2d, No-Fault Insurance §§ 20, 23.

[5] New Topic Service Am Jur 2d, No-Fault Insurance § 20.

[6] 73 Am Jur 2d, Statutes § 278.

[7] [No Reference]

the meaning of the no-fault motor vehicle insurance act, notwithstanding that there was no contact between plaintiff's automobile and the automobile of the defendant's insured.

4. The exclusion under the no-fault insurance act of personal protection benefits for persons whose uninsured automobile is involved in an accident is not penal in nature.

5. Personal protection benefits under the no-fault insurance act are not available to plaintiff, since his uninsured automobile was involved in the accident within the meaning of the no-fault act.

Affirmed.

R. M. RANSOM, J., dissented. He would hold that the term "involved", as used in the no-fault motor vehicle act, should not be liberally construed so as to deny benefits. Plaintiff's automobile was not "involved" within the meaning of the act; and, accordingly, plaintiff was entitled to personal protection benefits. He would reverse.

OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — PARKED AUTOMOBILE — STATUTES.

Bodily injuries suffered by an individual who is struck by another automobile while in the process of pumping gasoline into the gas tank of his parked automobile, being a direct result of physical contact with equipment permanently mounted on his automobile, are injuries arising out of the ownership, maintenance or use of the parked automobile within the meaning of the provisions of the Michigan no-fault motor vehicle insurance act (MCL 500.3106[b]; MSA 24.13106[b]).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — PARKED AUTOMOBILE — PEDESTRIAN — STATUTES.

An individual injured as a result of being struck by another automobile while that individual is in the process of pumping gasoline into the gas tank of his automobile is not a pedestrian within the meaning of the Michigan no-fault motor vehicle insurance act, notwithstanding the fact that the individual was outside the confines of his automobile when the accident occurred (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

3. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — PARKED AUTOMOBILE — "INVOLVED" — STATUTES.

An automobile into which gasoline is being pumped is "involved"

in an accident within the meaning of the Michigan no-fault motor vehicle insurance act where personal injuries to the owner of said automobile occur as a result of said owner being struck by another automobile while pumping the gasoline, notwithstanding the fact that there was no physical contact between the two automobiles (MCL 500.3113[b]; MSA 24.13113[b]).

4. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — EXCLUSIONS — PUNITIVE NATURE — STATUTES.

The portion of the Michigan no-fault motor vehicle insurance act which excludes personal injury benefits under certain circumstances is not punitive in nature, the penal aspect of the no-fault statutory scheme being covered elsewhere in the act (MCL 500.3102, 500.3113[b]; MSA 24.13102, 24.13113[b]).

5. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — EXCLUDED COVERAGE — STATUTES.

Personal protection benefits under the Michigan no-fault motor vehicle insurance act are not available to an individual who is struck by an insured automobile while that individual is putting gasoline into the gas tank of his uninsured automobile, since such individual is subject to the "involved" uninsured vehicle exclusion of the act (MCL 500.3113[b]; MSA 24.13113[b]).

DISSENT BY R. M. RANSOM, J.

6. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — REMEDIAL NATURE — LIBERAL CONSTRUCTION — STATUTES.

*The Michigan no-fault motor vehicle insurance act, being remedial in nature, is to be liberally construed, however, such liberal construction should not be applied to the determination of the scope and intent of provisions of the act excluding benefits (MCL 500.3101 et seq.; MSA 24.13101 et seq.).*

7. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — PARKED AUTOMOBILE — "INVOLVED" — STATUTES.

*An uninsured parked automobile which is in the process of having its gas tank filled when the owner of said automobile is struck and injured by another automobile, no contact being made between the other automobile and the uninsured automobile, is not "involved" in the accident within the personal protection benefit exclusion provision of the Michigan no-fault*

motor vehicle insurance act (MCL 500.3113[b]; MSA 24.13113[b]).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *David K. Barnes*), for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and R. M. RANSOM,* JJ.

BEASLEY, J. Plaintiff drove his uninsured car to a self-serve gas station. As plaintiff pumped gasoline into his car, a car driven by defendant's insured struck plaintiff. The two vehicles never collided. Plaintiff requested no-fault benefits from defendant, claiming that his car was not connected with the accident. There was no claim of "serious impairment of body function" under MCL 500.3135; MSA 24.13135. Upon defendant's refusal to make payments, plaintiff filed suit. Defendant brought a motion for summary judgment pursuant to GCR 1963, 117.2(1). From the grant of summary judgment to defendant, plaintiff appeals as of right.

This case presents another issue of first impression under this state's no-fault insurance law. The question before the court concerns the word "involved" as used in MCL 500.3113(b); MSA 24.13113(b). The trial court held that plaintiff was not entitled to no-fault benefits, as his injuries arose out of an accident in which his uninsured automobile was "involved". Plaintiff contends that his car was "parked", that there was no physical contact between the vehicles and, therefore, the trial court's definition of the term "involved" was erroneous.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Exceptions to payment of personal protection insurance benefits are set forth in MCL 500.3113(b); MSA 24.13113(b) as follows:

"A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

"(b) The person was the owner or registrant of a motor vehicle *involved* in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect." (Emphasis added.)

It is plaintiff's contention that at the time of the accident he was a pedestrian who merely happened to be standing near his parked automobile. However, under MCL 500.3106; MSA 24.13106, plaintiff's injury appears to be within the statute's contemplation:

"Accidental bodily injury does not arise out of the *ownership, operation, maintenance or use of a parked vehicle* as a motor vehicle *unless any of the following occur:*
"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.
"(b) *The injury was a direct result of physical contact with equipment permanently mounted on the vehicle,* while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.
"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle." (Emphasis added.)

Under the facts of this case, where plaintiff was in the process of pumping gasoline into the gas tank of his automobile, we find that the accident

arose out of the ownership, maintenance or use of the car because it fell within the language of subsection (b) emphasized and set forth above.

Further, we do not find that plaintiff was a pedestrian within the meaning of the statute, even though he was outside the confines of his automobile when the accident occurred.

In *Collins v Motorists Mutual Ins Co*,[1] the Court held that a person who was injured while leaning over the trunk of a parked car, in which he had been a passenger, but which was now disabled, was an "occupant" of an automobile within the meaning of an insurance policy. It was not necessary that the insured party be inside of the vehicle when the accident occurred.

*Nickerson v Citizens Mutual Ins Co*[2] is a case in which the plaintiff was injured when he stood in front of the car from which he had recently alighted. The court found that a definition of the word "occupying", "which does not hold 'physical contact' mandatory, appears to us to be by far the more reasonable and persuasive approach."[3]

Although we find no Michigan case which concerns itself with whether a motor vehicle is "involved" in an accident, several courts outside of this jurisdiction have had an opportunity to examine the term. In one of those cases, *Stout v Sutton*,[4] the court dealt with the term in the context of a non-resident motorist statute.[5] To bring the

---

[1] 36 Mich App 424; 194 NW2d 148 (1971).

[2] 393 Mich 324; 224 NW2d 896 (1975).

[3] *Id.,* 331.

[4] 434 SW2d 316 (Ky App, 1968).

[5] The non-resident motorist statute reads as follows:

"KRS 188.020. Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within state shall, by such acceptance and by the operation of such motor vehicle within this state, make the secretary of state the agent of

statute into operation, the motor vehicle of a non-resident must be "involved" in an accident or collision or damages which occurs within the state. In *Stout,* the plaintiff was injured by a log, a part of the cargo, which fell off the truck as it was being unloaded. Defendant argued that since plaintiff was not struck by any part of the truck itself, the motor vehicle was not involved. Defendant also claimed that the injury could just as easily have occurred by a rolling log after it was unloaded from the truck.

The court, in determining that the motor vehicle was "involved" in the accident even though the accident occurred during unloading, indicated that if the vehicle were not "involved", the accident would not have happened. The court found little difference between an accident which arose in connection with the unloading process and an accident which arises because some integral part of the motor vehicle is defective or negligently handled.

*Lykens v American Cast Iron Pipe Co*[6] also determined the meaning of "involved" in the context of a non-resident motorist act and found:

"[1] The word 'involved' under the Pennsylvania statute has not been interpreted to mean something connected with the accident as a natural or logical effect of the accident, but that involvement means just that and not causation. *Wilson v Armstrong,* 242 F. Supp. 612 [ED Pa, 1965]. Under the Pennsylvania Nonresident Motorist Act the word 'involved' includes not only the

himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is *involved."* (Emphasis added.)

[6] 295 F Supp 895, 896 (WD Pa, 1969).

movement of a motor vehicle but any use that is made of said unit, which includes loading and unloading."

The common definition of "involve" does not seem to support plaintiff's position:

"involve * * * 1. to include as a necessary circumstance, condition, or consequence; imply; entail: * * * 2. to affect, as something within the scope of operation. 3. to include, contain, or comprehend withn itself or its scope. 4. to bring into an intricate or complicated form or condition. * * * 6. to cause to be troublesomely associated or concerned, as in something embarrassing or unfavorable: * * * 7. to combine inextricably * * * 10. to preoccupy or absorb fully * * *. 11. to envelop or enfold, as if with a wrapping. 12. to swallow up, engulf, or overwhelm." *The Random House Dictionary of the English Language* (unabridged ed, 1971).

The words "to combine inextricably" from the dictionary definition, would fit the instant situation. In putting gasoline into one's automobile and being injured during this procedure, the car one was servicing, because of the close proximity and association with the insured's vehicle, would be "involved" within the meaning of the statute.

We find that the Legislature did not intend such a restrictive definition of the word "involved" as plaintiff would have us hold. Whether there was physical contact between the two vehicles or not is not necessarily crucial to the interpretation of that term.

Plaintiff's argument that MCL 500.3113(b); MSA 24.13113(b) is punitive in nature is also without merit. The penalty aspect of the no-fault statutory scheme is covered by MCL 500.3102; MSA 24.13102. By contrast, MCL 500.3113(b); MSA 24.13113(b) is merely an exclusionary section. Had plaintiff carried the required insurance coverage,

he would be the recipient of the benefits he now attempts to claim from the substitute source. The intent of § 3113(b) is to prevent benefits from going to someone who has not paid a premium for the same.

Thus, our finding that plaintiff's uninsured motor vehicle was "involved" in the accident with defendant's insured's vehicle precludes the payment of personal protection insurance benefits under the statute.

Affirmed.

J. H. GILLIS, P.J., concurred.

R. M. RANSOM, J. *(dissenting).* The majority concludes plaintiff's injury comes within the contemplation of MCL 500.3106(b); MSA 24.13106(b), *i.e.* arising out of the "ownership, operation, maintenance or use" of a motor vehicle. The majority further concludes plaintiff was not a pedestrian. Therefore, plaintiff's vehicle was "involved" within the meaning of MCL 500.3113(b); MSA 24.13113(b). "Had plaintiff carried the required insurance coverage, he would be the recipient of the benefits he now attempts to claim from the substitute source."

I do not agree with this reasoning.

Whether plaintiff's injury arose out of "the ownership, operation, maintenance or use" of a motor vehicle, which would entitle him to receive benefits had he carried the requisite insurance coverage, should not necessarily control in determining whether plaintiff's vehicle was "involved" in the accident.

The so-called "no-fault automobile insurance act" is remedial in nature.[1] Insofar as the Act is remedial in nature, it is to be liberally construed.[2]

---

[1] *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978).

[2] *Dillon v Secretary of State,* 61 Mich App 588; 233 NW2d 96 (1975).

*Collins v Motorists Mutual Ins Co,*[3] and *Nickerson v Citizens Mutual Ins Co,*[4] relied upon by the majority, exemplify liberal construction of a remedial act.

I do not agree that such liberal construction should be followed in determining the issue of exclusion from benefits.

Plaintiff's vehicle was parked. MCL 500.3106; MSA 24.13106 provides in pertinent part:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless * * *

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process."

My Brothers rely on sub-section (b) of the aforesaid statute in concluding that plaintiff incurred an accidental bodily injury arising out of the ownership, operation or maintenance or use of his parked automobile.

Not so. Plaintiff's injury was the *"direct result"* of being struck by another motor vehicle, not the "direct result of physical contact with equipment permanently mounted on the vehicle".

Plaintiff's motor vehicle was not "involved" in this accident within the contemplation of MCL 500.3113(b); MSA 24.13113(b).

I would reverse.

---

[3] 36 Mich App 424; 194 NW2d 198 (1971).
[4] 393 Mich 324; 224 NW2d 896 (1975).