TROUTMAN v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 58348. Submitted April 19, 1982, at Detroit.—Decided June 22, 1982.

Terrence Troutman, the owner of an uninsured automobile, came to the assistance of a motorist having mechanical problems with his insured automobile. Troutman parked his uninsured vehicle in such a way that the fronts of the vehicles faced each other. Subsequently, after jumper cables were attached to the two vehicles, the insured vehicle started. Troutman walked between the vehicles, whereupon the insured vehicle slipped into gear and lurched forward, seriously injuring Troutman when he was pinned between the two cars. There was never any physical contact between the automobiles. Troutman filed suit in Wayne Circuit Court seeking personal protection benefits from the Detroit Automobile Inter-Insurance Exchange, the insurer of the vehicle which struck him. The court, Michael J. Connor, J., entered judgment for the defendant on a verdict of no cause of action, finding that the plaintiff's uninsured motor vehicle was "involved" in the accident for purposes of the no-fault automobile insurance act and thus the plaintiff was not entitled to the personal protection insurance benefits. The plaintiff appeals. *Held:*

A plaintiff is precluded from receiving personal protection insurance benefits where his uninsured vehicle is "involved" in the accident in which he is injured.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — UNINSURED VEHICLES.

A plaintiff is precluded from receiving personal protection insurance benefits where his uninsured vehicle is "involved" in the accident in which he is injured (MCL 500.3113; MSA 24.13113).

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 356.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Otis, Peters, Becker & Pietsch, P.C.,* for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker,* and *Gromek, Bendure & Thomas* (of counsel), for defendant.

Before: BRONSON, P.J., and D. F. WALSH and C. W. SIMON, JR.,* JJ.

BRONSON, P.J. Plaintiff appeals as of right from a judgment of no cause of action entered in the Wayne County Circuit Court. The trial court found that plaintiff's uninsured motor vehicle was "involved in the accident" as this phrase is used within the meaning of MCL 500.3113(b); MSA 24.13113(b) and, as such, that he was not entitled to the personal protection insurance benefits that he sought from defendant.[1]

Both parties brought motions for summary judgment. At the hearing on these motions, the parties orally agreed to the material facts which will be briefly set forth. Willie Walker, owner of the vehicle insured by defendant, experienced mechanical difficulties with his automobile on December 13, 1976, when his car stalled on a Detroit street. Plaintiff came to the assistance of Walker and parked his uninsured car in such a way that the fronts of the vehicles faced each other. The vehicles were approximately three feet apart. Walker or plaintiff had jumper cables which were connected to both vehicle's batteries. Two attempts to start Walker's automobile with the jumper cables were unsuccessful. However, following a third attempt, Walker's car did start. Plaintiff walked between the vehicles when, for unknown reasons,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff did recover the sum of $18,000 from the Walkers for noneconomic damages he suffered as a result of the accident.

Walker's vehicle slipped into gear and lurched forward. Plaintiff was seriously injured when he was pinned between Walker's car and his own car. Due to plaintiff's position between the two vehicles, there was never any physical contact between the automobiles.

The specific issue for our resolution is whether plaintiff's uninsured vehicle was involved in the accident within the meaning of MCL 500.3113(b); MSA 24.13113(b). MCL 500.3113; MSA 24.13113 provides as is pertinent:

"A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

"(b) The person was the owner or registrant of a motor vehicle involved in the accident with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect."

Plaintiff's primary contention on appeal is that there was no causal connection between the injury he sustained and the ownership, maintenance or use of his uninsured motor vehicle, citing *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975), *O'Key v State Farm Mutual Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979), *Hamka v Automobile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979), and *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301 (1979), and, thus, his vehicle was not "involved" in the accident. We believe that the cases cited by plaintiff are inapposite. The *Kangas, O'Key,* and *Hamka* cases involved interpretation of insurance contracts providing coverage if injury arose out of the ownership, maintenance, or use of

the insured vehicle. *Shinabarger* involved a question of whether the injury arose out of the ownership, operation, maintenance, or use of a motor vehicle within the meaning of MCL 500.3106; MSA 24.13106. Each of these cases involved assaults which were the actual cause of the injuries complained of where there was also some tangential connection between the injuries and a motor vehicle. In each case, this Court found that the injuries did not arise out of the ownership, operation, maintenance, or use of a motor vehicle.

This case does not turn on whether the accident which is the basis of plaintiff's suit arose out "of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle". See MCL 500.3105(1); MSA 24.13105(1) and MCL 500.3106; MSA 24.13106. Defendant concedes that plaintiff's injury was the direct product of being struck by a moving vehicle. Instead, the question is whether plaintiff's uninsured vehicle was "involved" in the accident. Plaintiff apparently takes the position that "involved" in MCL 500.3113(b); MSA 24.13113(b) should be construed in the same manner as "arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle" appearing in MCL 500.3105(1); MSA 24.13105(1). We reject this argument. Although dealing with another section of the no-fault automobile insurance act, *Gutierrez v Dairyland Ins Co,* 110 Mich App 126; 312 NW2d 181 (1981), is instructive on the difference between the phrases "involved" and "arising out of". There, the Court held that a motor vehicle can clearly be involved in an accident although it cannot be said that the injured party's injuries arose out of the "ownership, operation, maintenance, or use" of that vehicle.

Only one previous decision has been rendered by this Court on what "involved" within the meaning of MCL 500.3113(b); MSA 24.13113(b) constitutes. In *Heard v State Farm Mutual Automobile Ins Co,* 93 Mich App 50; 286 NW2d 46 (1979), *lv gtd* 408 Mich 896 (1980), this Court found involvement of plaintiff's uninsured vehicle sufficient to preclude his recovery on the following facts. Plaintiff was pumping gas into his automobile at a self-service station. A car driven by defendant's insured struck plaintiff, but there was never any actual physical contact between the vehicles. After finding that the injuries that plaintiff sustained would be compensable under MCL 500.3106; MSA 24.13106, the Court found that MCL 500.3113(b); MSA 24.13113(b) nonetheless precluded plaintiff's recovery. The Court found that the dictionary definition of "involve" compelled the conclusion that plaintiff's vehicle was involved in the accident.

Plaintiff attempts to distinguish *Heard* from the instant case by noting that at the time of the injury in *Heard,* the owner of the uninsured vehicle had his attention focused on the uninsured car while, here, plaintiff's attention was focused upon the insured vehicle at the time of the injury. We fail to divine how the injured party's focus of attention is material to a determination of whether that uninsured party's vehicle was "involved" in the accident.

In our opinion, the instant case presents a stronger factual basis for applying MCL 500.3113(b); MSA 24.13113(b) than did *Heard.* Here, the specific injuries plaintiff sustained were the result of his being pinned between Walker's insured vehicle and his own uninsured vehicle. This is unlike *Heard* where the only involvement of plaintiff's car in the accident was that plaintiff

would not have been in the gas station where the accident occurred but for his desire to obtain fuel for his uninsured vehicle. Here, but for plaintiff's uninsured vehicle, plaintiff might have avoided any injury, or suffered a much less serious one. When Walker's car lunged forward, plaintiff might have been able to roll onto its hood when he was struck or otherwise get out of the way except for the fact that the positioning of his own uninsured vehicle left him without the room and time to get away.

Plaintiff also asserts that the trial court erred in not determining whether he was an "occupant" of the insured vehicle. We find resolution of this issue immaterial. MCL 500.3113(b); MSA 24.13113(b) bars owners or registrants of uninsured vehicles involved in an accident from receiving personal protection insurance benefits. Even if plaintiff were an occupant of Walker's insured vehicle under the rule of *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), recovery would still be precluded because plaintiff's uninsured vehicle was nonetheless involved in the accident.

Affirmed. Defendant-appellee may tax costs.