NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3654-13T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

MICHELLE TOUSSAINT, a/k/a
MICHELE C. TOUSSAINT
MICHELE TOUSSANT,

    Defendant-Respondent.

---

| APPROVED FOR PUBLICATION |
|:---:|
| **May 14, 2015** |
| **APPELLATE DIVISION** |

Submitted February 3, 2015 — Decided May 14, 2015

Before Judges Reisner, Koblitz and Higbee.

On appeal from the Superior Court of New
Jersey, Law Division, Camden County,
Indictment No. 13—03-0915.

Mary Eva Colalillo, Camden County
Prosecutor, attorney for appellant (Jason
Magid, Assistant Prosecutor, of counsel and
on the briefs).

Joseph E. Krakora, Public Defender, attorney
for respondent (Michele E. Friedman,
Assistant Deputy Public Defender, of counsel
and on the briefs).

The opinion of the court was delivered by

REISNER, P.J.A.D.

    This appeal raises the issue whether a defendant convicted

of violating N.J.S.A. 39:3-40(e) and N.J.S.A. 39:6B-2 may be

permitted to serve her sentence in an electronic monitoring home detention program in lieu of the county jail.[1] Unlike the sentencing statute at issue in State v. French, 437 N.J. Super. 333, 335 (App. Div. 2014), certif. denied, 220 N.J. 575 (2015), and unlike other provisions in Title 39, N.J.S.A. 39:3-40(e) and N.J.S.A. 39:6B-2 do not unambiguously require that a convicted defendant serve the required imprisonment term "without parole" or "in the county jail." Consequently, applying well established principles of statutory construction, including the rule of lenity, we conclude that the trial court had discretion to permit defendant to serve her sentence in a home electronic monitoring program rather than in the county jail. Accordingly, we affirm the sentence imposed. We remand this matter for the limited purpose of vacating the stay of sentence entered by the trial court.[2]

---

[1] The defense brief advises us that in Camden County, the electronic monitoring program is operated by the County, as a way to relieve jail overcrowding. See U.S. Bureau of Justice Assistance Criminal Courts Technical Assistance Project, Review of Alternative Sentencing Programs in Camden County, New Jersey (July 2006). Thus, a defendant is sentenced to jail, but is then interviewed to determine whether she is an appropriate candidate for home confinement enforced through the electronic monitoring program.

[2] Defendant pled guilty to violations of N.J.S.A. 2C:12-1.2, N.J.S.A. 39:3-40, and N.J.S.A. 39:6B-2. The State's appeal is limited to the sentence imposed on January 24, 2014, with regard to N.J.S.A. 39:3-40(e) and N.J.S.A. 39:6B-2. That sentence was stayed pending appeal.

While driving during a period of license suspension, defendant was involved in a motor vehicle accident in which two pedestrians were injured. Pursuant to a negotiated plea agreement, defendant pled guilty to one count of third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2, for which the State agreed to recommend two years of probation. At a second plea hearing, on January 24, 2014, she also pled guilty to two motor vehicle offenses, driving while her license was suspended, N.J.S.A. 39:3-40, and driving without insurance, N.J.S.A. 39:6B-2.

At the initial plea hearing on December 11, 2013, the prosecutor recited that the State would recommend an aggregate sentence of "90 days" for the violation of N.J.S.A. 39:3-40(b) and (e). The prosecutor told the judge that "[t]he State would object to programs," i.e., alternatives to serving the sentence within the county jail. The prosecutor also stated that defendant would be subject to a fourteen-day jail term for driving without insurance, which could be imposed concurrent to the sentence for being involved in an accident during a period of license suspension. The judge reminded both counsel that in addition to the jail terms already discussed, a second conviction for driving while suspended, N.J.S.A. 39:3-40(b),

required a sentence of between one and five days which "must be served in the county jail."

The judge explained on the record that he interpreted the several provisions of N.J.S.A. 39:3-40 as requiring imprisonment in the county jail when a particular section specified that the sentence must be served "in the county jail," but as allowing "programs such as house arrest or the CSLS program . . . when the term of incarceration that is required is characterized generally as imprisonment or in some other general way."[3]

At the sentencing hearing, defense counsel asked the judge to permit defendant to serve her sentence in an alternative program, because defendant was employed and supporting her son, and was also living with and caring for her elderly mother. Defendant also agreed to pay restitution to the two injured pedestrians. After finding that the mitigating factors outweighed the aggravating factors, the judge sentenced defendant to two years of probation for leaving an injured victim. For the motor vehicle violations, the judge sentenced defendant to five days in the county jail, which was subsumed by five days of jail credit, plus eighty-five days "imprisonment"

---

[3] We understand the judge was referring to the electronic monitoring program and the Correctional Supplemental Labor Service program. See N.J.S.A. 2B:19-5 (authorizing the creation of labor assistance programs).

as to which "programs" would be "permissible." That is, defendant could serve the eighty-five days in home confinement with electronic monitoring.

## II

Our review of the trial court's statutory interpretation is de novo. State v. Vargas, 213 N.J. 301, 327 (2013); State v. Gandhi, 201 N.J. 161, 176 (2010). In construing the statutes at issue, we consider their plain language, and if we find the language ambiguous we consider the legislative history and purpose of the enactments. Gandhi, supra, 201 N.J. at 176-77; DiProspero v. Penn, 183 N.J. 477, 492-93 (2005).

We begin with the statutory language. N.J.S.A. 39:6B-2 provides that upon a second or subsequent conviction for driving without insurance, the defendant "shall be subject to a fine of up to $5,000 and shall be subject to imprisonment for a term of 14 days." N.J.S.A. 39:3-40(e) specifies that if a defendant drives during a period of license suspension and is involved in an accident in which another person is injured, "the court shall impose a period of imprisonment for not less than 45 days or more than 180 days." Both statutes refer to "imprisonment" but neither statute specifies whether the sentencing court has the discretion it would normally have to permit alternatives to incarceration in the county jail. See R. 7:9-1; N.J.S.A. 39:5-

7; N.J.S.A. 2C:44-2(b). As will be further discussed below, that is significant, because in other sections of Title 39, and in cognate provisions of Title 2C concerning automobile-related offenses, the Legislature has specified when a term of imprisonment must be served "in the county jail" or "without parole."

Because the statutory language does not answer the question presented in this case, we consider the legislative history. State v. Gelman, 195 N.J. 475, 482 (2008); DiProspero, supra, 183 N.J. at 492-93. While our research reveals no relevant history for N.J.S.A. 39:6B-2, the history of N.J.S.A. 39:3-40 is helpful. Prior to its amendment in 1982, the statute consisted of three unnumbered paragraphs. Only the first and third paragraphs are relevant here:

> No person to whom a driver's license has been refused or whose driver's license . . . has been suspended or revoked, or who has been prohibited from obtaining a driver's license, shall personally operate a motor vehicle during the period of refusal, suspension, revocation, or prohibition.
>
> . . . .
>
> A person violating any provision of this section shall be fined not less than $200.00 nor more than $1000.00, or be imprisoned in the county jail for not more than 6 months, or both, provided, that if while operating a vehicle in violation of this section, such person is involved in an accident resulting in personal injury, the

punishment shall include imprisonment for not less than 45 days.

> [L. 1981, c. 38, § 1 (current version at N.J.S.A. 39:3-40).]

In 1982, the statute was amended to "increase[] the general penalties" for "driving on the revoked list." Senate Law, Public Safety and Defense Committee Statement, Senate, No. 904 — L. 1982, c. 45; Assembly Judiciary, Law, Public Safety and Defense Committee, Senate, No. 904 — L. 1982, c. 45. In amending the statute, the Legislature divided section 40 into several separate sections, corresponding to different types of violations. As amended, N.J.S.A. 39:3-40 provided that a person in violation of its provisions would be subject to:

> a. Upon conviction for a first offense, a fine of $500.00;

> b. Upon conviction for a second offense, a fine of $750.00 and imprisonment in the county jail for not more than 5 days;

> c. Upon conviction for a third offense, a fine of $1,000.00 and imprisonment in the county jail for 10 days;

> d. Upon conviction, the court shall impose or extend a period of suspension not to exceed 6 months;

> e. Upon conviction, the court shall impose a period of imprisonment for not less than 45 days if while operating a vehicle in violation of this section a person is involved in an accident resulting in personal injury.

A-3654-13T1

> Notwithstanding paragraphs a. through e., any person violating this section while under a suspension issued pursuant to R.S. 39:4-50 shall be subject upon conviction to a fine of $500.00, imprisonment in the county jail for 90 days, and an additional suspension of the license to operate a motor vehicle for a period of 5 years.
>
> [L. 1982, c. 45, § 2 (emphasis added) (current version at N.J.S.A. 39:3-40).]

As the emphasized portions illustrate, all of the other amended sections providing for imprisonment specified that the sentence was to be served "in the county jail," while section (e) only provided for "imprisonment." The legislative history does not reveal the reasons for this difference in wording. Statements on the bill that became subsection (e) indicate that if a person is involved in an accident where personal injury occurs, he or she will "be imprisoned for not less than 45 days." Senate Law, Public Safety and Defense Committee Statement, Senate, No. 904 — L. 1982, c. 45; Assembly Judiciary, Law, Public Safety and Defense Committee, Senate, No. 904 — L. 1982, c. 45.

The legislative statements do not address whether the imprisonment mandated by subsection (e) must be a traditional county jail sentence or whether some variation is permitted. However, the sentences in section 40 for which the Legislature specified incarceration "in the county jail" were all either

A-3654-13T1

very short terms of a few days, or related to driving during a license suspension for driving while intoxicated (DWI), an offense the Legislature has treated as particularly egregious. See N.J.S.A. 2C:40-26(c) (requiring 180 days imprisonment without parole for a second or subsequent conviction for driving while suspended for DWI); French, supra, 437 N.J. Super. at 336-37.

In 1986, N.J.S.A. 39:3-40(e) was amended to apply only when the personal injury was to another person. L. 1986, c. 38. The statute had been interpreted as increasing the penalty even if the injury was only to the defendant driver. See State v. Graney, 174 N.J. Super. 455, 459 (App. Div. 1980). Apparently, that construction was not what the Legislature intended, and accordingly, the Legislature clarified the statute to specify that imprisonment shall be imposed only if someone other than the defendant was injured in the accident. See Senate Law, Public Safety and Defense Committee Statement, Senate, No. 1207 — L. 1986, c. 38; Assembly Law, Public Safety, Defense and Corrections Committee Statement, Senate, No. 1207 — L. 1986, c. 38.

In 2001, N.J.S.A. 39:3-40(e) was amended to provide that upon conviction, a defendant was to be imprisoned for not "more than 180 days." L. 2001, c. 213. However, again, the language "in the county jail," which already appeared in the other

subsections, was not added. In this same time frame, the Legislature enacted N.J.S.A. 2C:40-22, which made it a crime for a defendant, while driving with a suspended license, to be involved in an accident causing death or serious bodily injury to another person. See Senate Law and Public Safety Committee Statement, Senate, No. 1108 — L. 2001, c. 213; Assembly Law and Public Safety Committee Statement, Senate, No. 1108 — L. 2001, c. 213. However, this amendment did not specify a particular sentence; rather, it simply defined the crime as of the third degree if the accident caused death, or fourth degree if the victim was seriously injured. See N.J.S.A. 2C:40-22(a), (b).

By contrast, in 2004, the Legislature amended the penalties for repeat DWI offenders, by requiring third-time offenders to spend at least 90 days in the county jail:

> For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days in a county jail or workhouse, except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program approved by the Intoxicated Driver Resource Center.
>
> [N.J.S.A. 39:4-50(a)(3) (emphasis added).]

In State v. Luthe, 383 N.J. Super. 512 (App. Div. 2006), we compared the amended version of the provision to the previous version, which had only provided for "imprisonment" with no

specification as to where the imprisonment was to be served. Addressing the amendment we concluded: "The language is clear. Confinement, either entirely in jail or partially in jail and partially in an inpatient facility, is required. There is no allowance for noncustodial alternatives." Id. at 514. We also noted legislative history that explicitly indicated the Legislature's intent to prohibit work release:

> As the mandate is clear, we need not resort to extrinsic evidence to discern the Legislature's intent in enacting this amendment. But were we to do so in order to discern the "internal sense of the law," the result would be the same. The statement on the amendment from the Senate Law and Public Safety and Veterans' Affairs Committee expressly asserts: "The [amendment] . . . makes drunk drivers who are required to serve the mandatory term of imprisonment ineligible to participate in a work release program." The Assembly Law and Public Safety Committee Statement is comparable. The Governor's official news release reiterates the statements provided by both the Assembly and Senate Committees: "Michael's Law will keep third-time DWI offenders off the streets, even if they won't keep themselves off the streets. It will guarantee they spend time in jail."
>
> [Id. at 514 (alteration in original) (citations omitted).]

Other provisions of the same statute, known as Michael's Law, specifically prohibit the administrator of a county jail from releasing a defendant who has been committed to the jail

for a first or second DWI offense, unless a judge authorizes release to a work release program.  See N.J.S.A. 39:4-51.

In 2009, the Legislature enacted N.J.S.A. 2C:40-26, making it a crime to violate N.J.S.A. 39:3-40 by driving while suspended for a repeat DWI offense, or for a second conviction for driving while suspended for DWI.  In N.J.S.A. 2C:40-26(c), the Legislature signaled its understanding that, absent a specific prohibition, offenders sentenced to imprisonment might be eligible for various alternative programs:

> Notwithstanding the term of imprisonment provided under N.J.S. 2C:43-6 and the provisions of subsection e. of N.J.S. 2C:44-1, if a person is convicted of a crime under this section the sentence imposed shall include a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole.
>
> [N.J.S.A. 2C:40-26(c) (emphasis added).]

In French, supra, we construed this provision as requiring defendants to be incarcerated in the county jail, with no alternative sentence permitted.  In that case, we held the defendant's sentence to a drug treatment program in lieu of jail was an illegal sentence.  We relied on the specific language "shall not be eligible for parole."  Supra, 439 N.J. Super. at 337.  We reached the same conclusion in State v. Harris, 439 N.J. Super. 150 (App. Div. 2015), concluding that the "without

parole" language precluded a defendant from being sentenced to an electronic monitoring program or a labor assistance program.[4]

Based on the foregoing discussion, we find it clear that when the Legislature intends that a sentence for DWI, driving with a suspended license, or other motor vehicle related offense, be served entirely in a county jail, with no opportunity for alternative programs operated either under the auspices of the court or the county correctional department, it knows how to express that intent. N.J.S.A. 39:3-40(e) and N.J.S.A. 39:6B-2 specify the length of the sentence for a violation but do not contain the "without eligibility for parole" or "in the county jail" language addressed in French and Luthe. Moreover, N.J.S.A. 39:3-40(e) does not contain the language even though four other subsections within section 40 do. In interpreting statutes, we "cannot insert language that the Legislature could have included . . . but did not." Jersey Cent. Power & Light Co. v. Melcar Utility Co., 212 N.J. 576, 596 (2013); see DiProspero, supra, 183 N.J. at 493.

---

[4] While N.J.S.A. 2C:40-26(c) is aimed at repeat offenders, N.J.S.A. 39:3-40 addresses first offenders who drive while their licenses are suspended for DWI. Section 40 provides for a ninety-day sentence to be served "in the county jail." Thus, the Legislature used similar language in requiring DWI offenders who drive while suspended for DWI to serve their entire sentences in a jail.

Moreover, it is well established that Title 39 motor vehicle laws are quasi-criminal in nature, and persons prosecuted under Title 39 are entitled to the same protections as criminal defendants. State v. Widmaier, 157 N.J. 475, 494 (1999). Under the rule of lenity, ambiguities in a criminal statute are resolved in favor of the defendant. State v. Grate, 220 N.J. 317, 330 (2015) (the rule of lenity applies when interpreting a penal statute, if its meaning cannot clearly be discerned from its plain language and extrinsic sources); Gelman, supra, 195 N.J. at 482-83; State v. Perry, 439 N.J. Super. 514, 529-30 (App. Div. 2015); State v. Eldakroury, 439 N.J. Super. 304, 310 (App. Div. 2015). In this case, where it is unclear whether the Legislature intended that the sentences imposed under N.J.S.A. 39:6B-2 and N.J.S.A. 39:3-40(e) must be served in jail with no alternative options, we resolve the ambiguity in favor of defendant.

The State argues that construing these statutes to permit sentences to be served in home detention programs is contrary to their purpose. The State contends that N.J.S.A. 39:3-40(e) and N.J.S.A. 39:6B-2 seek to punish repeat offenders more harshly in order to serve the purpose of deterrence. It is true that the statutes are intended to provide more serious penalties for repeat offenders. See Senate Law, Public Safety and Defense

Committee Statement, Senate, No. 904 — L. 1982, c. 45; Assembly Judiciary, Law, Public Safety and Defense Committee, Senate, No. 904 — L. 1982, c. 45.  However, even if alternative programs are permitted, this purpose is served, because N.J.S.A. 39:3-40(e) and N.J.S.A. 39:6B-2 require longer sentences than the brief jail terms imposed on less serious offenders.  See N.J.S.A. 39:3-40; N.J.S.A. 39:6B-2.

The State's reliance on State v. Pickens, 124 N.J. Super. 193 (App. Div.), certif. denied, 63 N.J. 581 (1973), and State v. Fearick, 132 N.J. Super. 165 (App. Div. 1975), aff'd, 69 N.J. 32 (1976), is misplaced.  The references to a mandatory jail sentence in those cases are tangential to the result.  Pickens rejected the defendant's argument that N.J.S.A. 39:3-40 was unconstitutional because it imposed criminal penalties for negligence, and also held that the statute was not unconstitutionally vague.  Pickens, supra, 124 N.J. Super. 193. In Fearick the court rejected the argument that the enhanced sentence for accidents resulting in personal injury only applied when the defendant driver was at fault for the accident. Fearick, supra, 132 N.J. Super. 165, 168-69.  Neither case addressed the issue raised on this appeal.  Moreover, those cases were decided when the pre-1982 version of N.J.S.A. 39:3-40

was in effect.[5] The State's citation to <u>State v. Lima</u>, 144 <u>N.J.</u> <u>Super.</u> 263 (App. Div. 1976), <u>certif. denied</u>, 73 <u>N.J.</u> 64 (1977), is equally unpersuasive, because that case addressed a charging issue under <u>N.J.S.A.</u> 39:6B-2, and not the manner in which the sentence was to be served.

In summary, we conclude that both <u>N.J.S.A.</u> 39:3-40(e) and <u>N.J.S.A.</u> 39:6B-2 authorize the sentencing court to impose a term of imprisonment that may be served in an alternative way such as home confinement under electronic monitoring.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Those cases, however, suggest possible reasons why the Legislature might have wanted to allow trial judges some discretion to permit sentencing alternatives under <u>N.J.S.A.</u> 39:3-40(e). For example, a defendant who has no driver's license because he has a disqualifying medical condition, but who nonetheless drives a car, is subject to a jail term if his car is rear-ended by a drunk driver and the latter is the only one injured in the accident. <u>See</u> <u>Fearick</u>, <u>supra</u>, 132 <u>N.J.</u> <u>Super.</u> at 167; <u>Pickens</u>, <u>supra</u>, 124 <u>N.J. Super.</u> at 196.